THE STATE OF NEW JERSEY, RESPONDENT, v. GEORGE H. BIEHL AND RICHARD C. ANZER, APPELLANTS.

Argued July 21, 1947—Decided July 31, 1947.

Before Justice Heher, at chambers.

For the appellants, *Maurice C. Brigadier*.

For the state, *Horace K. Roberson,* Prosecutor of the Pleas, and *Simon L. Fisch,* Assistant Prosecutor.

Heher, J. Appellants were convicted in the Hudson Quarter Sessions of conspiracy to cheat and defraud the Republican State Committee, the Hudson County Republican Committee, and twenty-three named individuals and others to the grand jury unknown, by soliciting and receiving money contributions under the false pretense that they and their co-defendants, State Republican League and Hudson News Company, corporations organized by them as media for the perpetration of the fraud, so it is said, were authorized to solicit and receive and put such donations to the use of candidates of the Republican party for public office and the named party committees, and that the moneys so given would inure to the benefit of the Republican party and its state committee and candidates for public office. They have taken an appeal under chapter 187 of the laws of 1946 (*Pamph. L., p.* 775), effective February 1st last; and they now seek a certificate of reasonable doubt under section 6 of that statute. A like application made to the trial judge was denied.

The validity of the judgment is challenged upon these grounds: (1) error in a single passage of the charge; (2) error in several rulings on evidence; and (3) the denial of appellants' motion in arrest of judgment for failure (a) to "name" or "charge" as such in the indictment certain alleged known co-conspirators, and (b) to name the actual perpetrators of certain overt acts laid to appellants in the indictment.

At common law, bail is not a matter of right after conviction of crime; its allowance rests in sound judicial discretion. Release on bail is not a necessary corollary of the right of appellate review. The determinative considerations in the favorable exercise of this discretionary authority are, ordinarily, good faith and grounds not frivolous but fairly debatable. This in recognition of the rule grounded in essential

justice that trial and conviction according to law should precede punishment for the crime. *United States* v. *Motlow,* 10 *Fed. Rep. (2d)* 657; *United States* v. *Delaney,* 8 *Fed. Supp.* 224. After conviction, the presumption of innocence no longer obtains; the judgment of conviction presumably is valid, and the convicted defendant carries the burden of establishing the right to bail pending the appeal.

Section 143 of the Criminal Procedure Act of 1898 (*Comp. Stat.* 1910, *p.* 1867) directed the admission of the defendant to bail in a case not capital pending the prosecution of a writ of error. But now, by direction of section 6 of the cited statute, as was also the case with *R. S.* 2:195–11, the convicted defendant in a non-capital case "shall not be admitted to bail" pending the appeal unless he shall receive from the trial court or a justice of the Supreme Court a certificate of the existence of "reasonable doubt as to the validity of the conviction," in which event the right to bail is absolute.

"Reasonable doubt" in the statutory sense is doubt founded in reason and the law. To meet that standard, the questions raised must relate to the substance and be fairly debatable, and thus reasonably give rise to uncertainty of judgment and mind as to the validity of the conviction. The obvious policy of the statute is to prevent undue delay in the execution of judgments in criminal cases, without exposing the defendant to the penal consequences of an erroneous judgment. Where there is not, in the view of the judge charged with the statutory duty, reasonable doubt as to the legal sufficiency of the judgment, the appeal does not operate as a *supersedeas.* The law demands the immediate execution of the judgment in such circumstance, for the interests of society are ill-served by delay in the execution of judgments in criminal cases not open to reasonable doubt as to their legal sufficiency. But where there is such doubt, the accused is entitled to bail until the validity of the judgment has been finally determined by the court of last resort, for it is of the essence of Anglo-Saxon justice that the innocent shall not suffer the imprisonment or punishment which rightly falls only upon the guilty. There is an obvious difference between the policy of this statute and the general rule obtaining elsewhere that the

convicted defendant is entitled to bail pending a review on error, unless the writ was taken in bad faith on frivolous grounds, merely for the purpose of delay. Compare *United States* v. *Motlow, supra; Rossi* v. *United States,* 11 Fed. *Rep.* (2d) 264.

I have read the indictment and the record of the trial proceedings in the light of the matters now assigned for error, and I have no doubt as to the validity of the conviction. Only one of the specifications need be mentioned. The jury were charged that if it was proved beyond a reasonable doubt that "the defendants committed any of the acts of which they are accused in the indictment, it will be your duty to find them guilty as charged." It is said in the petition herein simply that "there cannot be a conviction of conspiracy merely by proof beyond a reasonable doubt that the defendant has committed any of the overt acts charged in the indictment." And on the oral presentation, it was pointed out that some of the overt acts are alleged to have occurred beyond the period fixed by the statute of limitations for the prosecution of the crime of conspiracy. *Vide State* v. *Unsworth,* 85 *N. J. L.* 237. These are untenable grounds. The context rendered it crystal clear that proof of the alleged conspiratorial combination was an indispensable requisite, but that the conspiracy would not be criminal unless there was proof also of an overt act directed toward its execution. What the court had in mind undoubtedly was that it was not necessary to prove all the overt acts charged in order to sustain the indictment; and it would seem that this was counsel's understanding, for there was no specific exception to the instruction or request to charge as to the statute of limitations, although this is not necessary to enable the convicted defendants to have the benefit of substantial error in the charge. *Pamph. L.* 1946, *ch.* 187, §§ 8, 11. Considered in relation to the trial theory and the defense interposed, this was also, in all human likelihood, the jury's understanding of what was said.

But however this may be, the instruction did not prejudice the accused in maintaining their defense upon the merits; and this is the criterion of reversible error under the cited

statute. Even though there was error in matter of law, it will not work a reversal unless "it shall appear from the entire record of the proceedings had upon the trial" that the prisoner thereby suffered "manifest wrong or injury." And again, with more particular reference to a charge made the subject of a general exception merely, it is provided that an error of law therein is fatal only where it "appears" to the court that the error resulted in "prejudice or injury" to the accused "in maintaining his defense." *Pamph. L.* 1946, *ch.* 187, §§ 8, 11, *supra.* The wrong or injury must be clearly evident to the mind. *State* v. *Rusnak,* 108 *N. J. L.* 84; *State* v. *Donato,* 106 *Id.* 397; *State* v. *Unger,* 103 *Id.* 18; *affirmed,* 104 *Id.* 448; *State* v. *Hanrahan,* 87 *Id.* 1; *affirmed,* 88 *Id.* 391. The proofs are, of course, to be considered in resolving this question. *Vide State* v. *DeVivo,* 103 *Id.* 266. The acts of solicitation and receipt of moneys were admitted by the accused; their contention was that, while none of these donations was paid over to the Republican Party or its established agencies, the money was used for what they conceived to be the Party's interest, and thus they had violated no law. All of the solicitations were of the same pattern; the issue was essentially one of intent. If the solicitations in fact were in furtherance of the criminal conspiracy charged, there were such within the statutory period. The overt acts laid in the indictment, apart from the formation of the named corporations, consisted of a series of fruitful solicitations, twelve in number, over a period of years, seven of which were made within the two years immediately preceding the return of the indictment. The charge presented the issues fully and fairly; and the evidence amply sustains the verdict. It is obvious that such error as inheres in the particular instruction, regarded as an abstract statement of the law, did not prejudice the defendants in maintaining their defense upon the merits; and in this view, there being no substance to the other specifications, the statutory certificate cannot issue. There is no contention that the verdict was contrary to the weight of the evidence. In the circumstances, a holding that this direction was prejudicial would be arbitrary and fanciful and utterly opposed to reason and justice.

Motion denied.