## IN RE BOULTER.

BAIL AFTER CONVICTION OF A FELONY—CONSTITUTIONAL LAW.

1. A person convicted of a felony is not entitled to bail pending proceedings in error.  (Rev. Stat., Sec. 3326.)

2. The constitutional guaranty of the right to bail does not extend to persons convicted of a felony.  (Const., Art. 1, Sec. 14.)

[Decided March 28, 1895.]

PETITION for writ of habeas corpus.  Collingwood Boulter was convicted in the district court for Laramie county of the crime of manslaughter, and was sentenced to imprisonment in the penitentiary for a term of six years.  The execution of the sentence was suspended upon notice of the prisoner's intention to apply for a writ of error.  The district court refused upon his application to admit the prisoner to bail, and by this proceeding he sought that privilege.

*Ralph E. Esteb,* for petitioner, insisted that the statute was in conflict with sec. 14, art. 1, of the constitution.

*J. C. Baird,* prosecuting attorney, and *B. F. Fowler,* attorney general, for respondent, the sheriff of Laramie county, contended, that the prisoner is not entitled to bail after his conviction of a felony, and cited R. S., sec. 3326; Hampton v. State, 42 O. St., 401; State v. Anselm, 43 La. Ann., 195; Ex parte Ezell, 40 Tex., 451; Ex parte Schwartz, 2 Tex. App., 75; State v. Connor, 2 Bay (S. C.), 34; Ex parte Smallman, 54 Cal., 35; Ex parte Voll, 41 Cal., 30; Ex parte Marks, 49 Cal., 680; Davis v. State, 6 How. (Miss.), 399; State v. Ward, 2 Hawks, 445; Corbett v. State, 24 Ga., 391; Ex parte Dyson, 25 Miss., 356; State v. Levy, 24 Minn., 362; Hurd Hab. Corp., 444 et seq.)

GROESBECK, CHIEF JUSTICE.

The petitioner was convicted of the crime of manslaughter in the district court for Laramie county, and after the verdict

of the jury, he made a motion for a new trial in that court which was overruled. He objected to the imposition of sentence against him pending proceedings in error, which he announced he was about to institute, but this objection was overruled, and he was sentenced to imprisonment in the penitentiary for the term of six years. Thereupon he gave notice of his intention to apply for a writ of error and at his request the district court suspended the execution of his sentence until the next term of that court. His application for bail pending his appeal, which has not yet been perfected, as no writ of error has been applied for, was refused by the district court, and by habeas corpus he seeks to be admitted to bail pending his proceedings in error in this court, which he asserts he will prosecute.

The statute applicable to his case reads as follows:

"Whenever a person shall be convicted of a felony, and the judgment shall be suspended as aforesaid, it shall be the duty of the court to order the person so convicted into the custody of the sheriff, to be imprisoned until the case in error be disposed of." (1st Par. Sec. 3326, Rev. Stat.)

The petitioner claims that this statute, which was enacted prior to the adoption of the constitution of the State, under the territorial regime is repugnant to the Bill of Rights, which contains the following provision: "All persons shall be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great." (Art. 1, Sec. 14, Const., first clause.) He insists that this language is broad enough to include all persons convicted of a felony less than capital, after as well as before conviction of the offense, and that notwithstanding the statute, he is entitled to bail during the pendency of the cause on error.

Under the common law, bail in felony cases was not granted as a matter of right, but the power to admit to bail was lodged in the court of King's Bench and the judges thereof and was a matter of discretion, and not a matter de jure.

There are English cases where bail has been granted after conviction of a felony, but they present extraordinary circumstances, where there was some doubt as to the law of the

case or of the prisoner's guilt. In most of the States of the Union, aided by express legislation, which has been termed "the more merciful conclusion," bail is granted after conviction, when a sound and cautious discretion prompts, though not so freely as before verdict. Bishop's New Crim. Proc., sec. 253. Our statute takes away this discretion in cases of conviction of felony, but in misdemeanor cases, the trial court is directed to suspend the execution of the sentence only where the convicted person enters into a recognizance with such security as the court may require, conditioned that such person so convicted and sentenced of a misdemeanor shall appear at the next term of the court from term to term, until the case in error be determined, and abide the judgment or sentence of the court. Rev. Stat., sec. 3328. In cases of felonies, the Supreme Court or the judge allowing the writ of error, orders the suspension of the execution of the sentence until such case shall be heard and determined in the Supreme Court, and this rule applies also to misdemeanors. Ibid., secs. 3355-56. Another statute of more recent enactment provides that "All offenses shall be bailable under the laws of Wyoming, by sufficient sureties, except capital offenses, when the proof is evident or the presumption great; Provided, That no person shall be admitted to bail after indictment has been found against him charging a capital offense." Ch. 23, Sess. Laws, 1890. This statute did not repeal any existing law in express terms. With the exception of the proviso which limited the right of bail in capital cases when the proof is evident or the presumption great to proceedings prior to the finding of the indictment, it is substantially the guaranty of the constitution. Such then was the state of the law at the time of the admission of the State into the Union. Misdemeanors were bailable offenses even after conviction, felonies less than capital were bailable until conviction and sentence and capital offenses were bailable until the finding of the indictment. The discretion of the judges, sometimes used in England after conviction in felony cases, but cautiously exercised, was withdrawn and bail before conviction except in capital cases became a matter of right. It is contended that the statutory

rule was changed by the general words of the constitution and that "all persons" except those accused of capital offenses where proof is evident or the presumption great, are entitled to bail as a matter de jure after as well as before conviction. If this be true, there is no limit to the power to bail in felonies less than capital, and the rule of the common law absolutely denying bail after the sentence has gone into effect or execution is abrogated, and we would witness the strange spectacle of convicts in the penitentiary released on bail during the pendency in this court of proceedings in error, or perhaps even where no proceedings in error had been instituted, and where the application to bail is capriciously made. We are not willing to attribute such a construction to the words of the constitution permitting bail, as there must be a time when the right to bail must absolutely cease. The common law rule withholding the right to bail after the sentence had gone into execution, was a check and a wholesome one on the discretion of the court or its judges, and it will not be seriously contended that the constitution has invented a new rule in this respect. The object and purpose of the constitutional provision is to allow bail as a matter of right and to take away the discretion of the judges. It first found root in the ordinance of 1787 creating the Northwest Territory and from that source found its way into the supreme law of most of the States with varying phraseology. Street v. State, 43 Miss., 1.

Some of the constitutions of the States relating to bail contain an express provision that the right to bail terminates upon conviction; in others the language is similar to ours. There are but few cases directly in point, and it would seem that the power to admit to bail after conviction where there is no statutory or constitutional provision granting such a right, has been rarely invoked. The earliest case in this country is that of State v. Ward, 2 Hawks (N. C.), 443. The defendant was indicted for passing counterfeit money, and after his conviction and sentence there arose a point on his prayer to be bailed pending appeal. The judge delivering the opinion said upon this point:

"I think that the clause in the constitution, which declares that all prisoners shall be bailable by sufficient securities, unless for capital offenses, where the proof is evident or the presumption great, relate to capital cases only, that is, to prisoners in capital cases, the meaning is evidently prisoners before conviction; for, after conviction, there is no such thing as proof and presumption; all is certainty, and that the word prisoners must be understood alike in each member of the sentence, that is, prisoners before conviction; and persons remain convicted of the offense, notwithstanding the appeal; for the appeal is for matter of law only; the facts remain unaffected by the appeal, unlike the cases of appeal for matters of fact as well as for matters of law, and where a new trial de novo is given on appeals from the county to the superior courts, or from a single justice to the county court, where the appeal annihilates the verdict and judgment both."

In petty misdemeanors after conviction, the appeal was held to be a matter of right, but that indiscriminate right of going at large after an appeal upon giving bail, would render the criminal law a dead letter. The decision of this court would seem to be in harmony with our statutes before the constitution was operative, to allow bail as a matter of right after conviction of a misdemeanor, and denying bail after conviction of a felony, and the construction of the clause in the constitution of that State similar to ours, was that the right to bail did not extend to persons convicted of a felony. To the same effect as this decision in North Carolina is the decision of the Supreme Court of California in the case of ex parte Voll, 41 Cal., 29, under petition for writ of habeas corpus for the purpose of admitting one to bail convicted of manslaughter while his appeal was undetermined. The provision of the constitution of that State relating to bail is akin to ours in that respect, and the statute there provided that a person charged with such an offense as manslaughter might be admitted to bail before conviction as a matter of right, but, after conviction, as a matter of discretion only. It was held that such a statute was not unconstitutional as being more restrictive than the constitution, as the provision of the latter was designed only

to alter the rule of the common law as to certain criminal cases before conviction, and that bail after conviction was still left discretionary as at common law, with the modifications wrought by the statute. The court was of the opinion, by a bare majority of its members, two judges not expressing an opinion, that the constitution, in declaring bail to be a matter of right, had in view only those cases wherein the guilt of the party had not already been judicially ascertained, in cases in which the prisoner yet stood upon his plea of not guilty, when surrounded with all the presumptions with which the law delights to encompass him; but when the trial is had, and his plea proven untrue, the law will not stultify itself by presuming him other than it has adjudged him to be. It was said, in the course of the opinion, that the absolute right to bail after conviction, as well as before, would lead to the result that no convict would be punished for his crime if he had either wealth or friends, and would operate as a mere money commutation for the infamous punishment which the law provides for the perpetration of crime; and construing the language of the constitution in its literal sense, bail must be taken in any case, whether or not there be an appeal, and that this absurd result was not contemplated by the framers of the constitution. This case was affirmed by a later decision. Ex parte Smallman, 49 Cal., 35. The case of Longworth, 7 La. Ann., 247, holds the contrary view. It was one of peculiar hardship, as the petitioner had been convicted of the offense of larceny and sentenced to imprisonment in the penitentiary for one year. He took an appeal to the Supreme Court, but immediately afterwards was pardoned by the Governor, or rather reprieved under the peculiar statute of the State then in force, which provided that the object of executive clemency should be confined in the parish prison, until the meeting of the next legislature, which, in this case, did not convene in regular session for two years, in order that the sense of the senate might be made known as to their concurrence with the executive in a pardon. The court indicated its views at length, and held reluctantly that the constitutional provision did not take away the discretionary power which the judges possessed

at common law to admit to bail after conviction and pending appeal. It is admitted in the opinion that this power was cautiously exercised by the British judges, as the best security to obtain the body of a convict was the "four walls of the prison," but it is contended that the power was exercised in a number of cases, including one of manslaughter where the conviction was afterwards affirmed and the defendant branded for the crime. The provision of the Louisiana constitution was like ours, and it was determined that bail became a matter of right even after conviction, and that the statute denying bail in such cases was unconstitutional. This decision was reached with extreme reluctance, one of the judges dissenting and adhering to the doctrine of the North Carolina case, State v. Ward, supra, and with the knowledge that a constitutional convention was near at hand where the alleged defect in the broad and general language could be remedied and restricted. This suggestion bore fruit, and in the constitution succeeding this decision bail after conviction was denied in cases where the punishment was death or by imprisonment at hard labor. Yet the same court, in a later case, State v. Roger, 7 La. Ann., 382, while the decision in Longworth's case was yet the law in Louisiana, upon habeas corpus proceedings in the case of one accused of murder for bail before trial on the ground that he could not obtain a trial at the ensuing term of the district court, the bail was refused and a speedy trial of his cause was directed. Speaking of the former case, the court says:

"Although bound to grant a writ of habeas corpus to bail, even after conviction, as decided by this court in Longworth's case, yet we exercise the power, as intimated in that case, with reluctance, because, in doing so, we are obliged to hold a law of the General Assembly to be unconstitutional; because this court was divided in opinion; and because the district court holds a contrary opinion; and because we are all sensible of the evils to which the exercise of the power may lead. It is our duty, therefore, to avoid the exercise of the power, if it can be done consistently with the rights of the applicants. We thought it could be done in this case, by affording him an immediate trial, which we directed."

In Ex parte Ezell, 40 Texas, 451, the doctrine of the Louisiana court was repudiated, that of the North Carolina case in State v. Ward adopted, and, in addition to the grounds given in the case approved, the Texas court held that there were constitutional restrictions in that State upon the right to appeal in criminal cases, which was not a matter of right, but only allowed by the Supreme Court or some judge thereof upon an inspection of the record, where it was believed that some error had been committed. The further reason found in this case was that the exception made as to bail in capital cases "when the proof is evident and the presumption great," was of value in explaining and determining the force of the general language of the sentence, and the exception having reference to the proof upon which a prisoner is bailable is alluded to as indicating the class of "prisoners," in our constitution "persons," to which the clause is applicable, whether the prisoners be charged with capital or less felonies.

The opinion further declares that the right to bail, which, in common with other great constitutional rights, was secured after a long struggle against tyranny and oppression, was the right to bail before conviction, the grievance complained of being the treatment of prisoners before trial and conviction. This case was affirmed in Ex parte Schwartz, 2 Tex. App., 80. It is directly in point here, particularly as we have no direct constitutional provision allowing appeals as a matter of right in criminal cases, except that this court is clothed with appellate jurisdiction in criminal as well as in civil causes, and is invested with a general superintendence and control over all inferior courts, under such rules and regulations as are prescribed by law (Const., Art. 5, Sec. 2), but the statute relating to appeals, and which has stood practically untouched for a quarter of a century, provides for the allowance of writs of error in criminal causes, "for good cause shown," upon the application of the defendant, verified by him and by his attorney, if he have one, dispensing with the necessity of inspecting the record, until very recently required. Ch. 27, Laws 1895.

It has been the practice lately in this court to allow writs of error pro forma, but this is a matter of grace. Either the

court or judge to whom the application for the writ of error is made, may refuse the writ if it does not appear that sufficient reasons exist for its allowance. Donovan v. Territory, 3 Wyo., 90. Other restrictions are imposed in the statute regulating appeals in criminal cases, among which is the limitation of the time within which the application for the writ of error must be made, such period being one year after the rendition of the judgment. It was with all these provisions in view relating to bail and the institution of proceedings in error, with the various limitations imposed by law as to time and method of procedure, that the constitutional provision was embodied in our organic law relating to bail.

It was never the practice to let to bail in this jurisdiction after conviction, and this was well known to the framers of the constitution, a large number of whom were learned in the law and from long residence were familiar with the laws and practice of the territory. They evidently had no desire to work any radical changes in existing laws except where the changes were clearly expressed, and there is no indication anywhere in the constitution of an intention to enlarge the power of admission to bail, particularly to persons convicted of crime.

The construction adopted in Texas, California, Ohio and North Carolina, and feebly opposed in Louisiana, seems to be the one to govern us here.

The guaranty of our constitution is the familiar one of a speedy trial before an impartial jury, and the right to admission to bail pending the trial, save only in capital cases where the proof is evident or the presumption great, and these words of limitation to the grant of right to the citizen explains the meaning of the entire guaranty. In capital offenses after conviction, the presumption is always great and the proof evident of the guilt of the defendant, and therefore bail is not granted to one convicted of a capital crime. This seems a guide to lead to the determination of the time when the constitutional guaranty of the right to give bail ceases. All persons thus granted the right must necessarily be of the same general class, namely, those accused of crime and before conviction. The constitu-

tional provision being thus construed, affords bail to all persons accused of crime less than capital before conviction, and it therefore grants no such right after conviction, for at that time, and thereafter, so far as the constitution is concerned, the right to bail is left as it existed at common law, a matter of discretion to be exercised by the proper courts and their judges. But the legislature has taken away this discretion, at least after sentence, and directed by the express provisions of the statute quoted that a person convicted of a felony, where the execution of the sentence is suspended at his request, shall be imprisoned until his proceedings in error are disposed of. The legislature undoubtedly has the power to provide for bail after conviction and upon the suspension of the sentence. Ex parte Voll, 41 Cal., 29; Ex parte Dyson, 25 Miss., 356. It has not done so, however, but has expressed itself to the contrary in a statute whose terms are susceptible of but one construction. These views are amply sustained by the Supreme Court of Ohio, in Hampton v. State, 42 Oh. St., 401. That State has a constitutional provision respecting bail like our own, and also a similar statute. The Ohio statute provides that "where a person is sentenced for a felony, and execution of the sentence is suspended, the court shall order him into the custody of the sheriff, to be imprisoned until the case is disposed of." The court held in the case last cited, that after conviction and until sentence, pending a motion for a new trial, by reason of the peculiar language of their statute, the court had a discretion to admit to bail, or as they put it, the power to take bail, but that, after sentence, the power or discretion was taken away by statute.

Cases may occur where imprisonment during the pendency of proceedings in error or appeals in criminal cases may be disastrous to the health of the convicted person, but the law does not provide for such contingencies. In this case no such reason for admission to bail arises, as no showing is made of the sickness of the petitioner, and it is unnecessary to consider the application to let to bail from that standpoint; however, the statute makes no such exception, but is positive in its requirement that a defendant convicted and sentenced to a

felony, where the execution of his sentence is suspended upon his application, shall be imprisoned until his case in error is disposed of.   The statute, which we are asked to denounce as repugnant to the constitution, does not compel the defendant to enter a prison.   The "four walls" of his place of confinement are erected by law for his detention until his appeal can be determined, and therein he is not subjected to prison fare, prison rules or the garb of servitude.   Upon his mere request, under the humane provisions of the law, he is spared all the humiliations incident to his punishment, if he so desires, until the court of last resort decides that he was justly condemned; and under the rules of the appellate court his case takes precedence of nearly all civil causes.   Owing to the expedition with which the work entrusted to this tribunal has been conducted, his cause may be speedily heard and promptly determined, with due regard to the gravity of a cause where the liberty of the citizen is involved.

The statute expressly forbids the admission to bail of a person convicted of a felony, after sentence, by directing that he shall be imprisoned until his cause in error is disposed of, and the constitution extends the right to bail to persons before judgment has been passed in crimes of this magnitude, under the construction that we are compelled to give to the provisions of that instrument conferring the right of admission to bail.   While we recognize the right of the legislature to enlarge this constitutional grant, so as to include persons sentenced for a felony, this court has no power and no inclination to invade the domain of the legislature and confer such a right in the face of the unambiguous direction of a valid statute.   It is doubtful if the position of the defendant in this proceeding secures him any footing in this court, as his proceedings in error have not been initiated, and nowhere does it seem that bail is allowed under either constitutional or statutory authority where an appeal is not pending; but we have decided the application upon the main point involved, as it was fully argued and the matter was submitted to us upon that proposition.

18

The petitioner is remanded to the custody of the sheriff of Laramie County and his petition is dismissed.

CONAWAY and POTTER, JJ., concur.