## STATE v. SORRENTINO*
### (No. 1289; February 17th, 1925, 233 Pac. 142)

BAIL—STATUTES—APPEAL AND ERROR—CRIMINAL LAW.

1. In absence of a statute, no right to be admitted to bail exists after conviction.

2. W. C. S. 1920, §§ 6414 and 7559, relating to bail, and section 7589, giving court power to vacate, modify, or annul judgments of district court in criminal cases, must be construed in pari materia.

3. Where a party has brought a proceeding for appellate review, and it has been prosecuted to a final determination in appellate court, general rule is that, unless there have been new proceedings in cause, he cannot again bring case up for review.

4. Where a case is decided upon appeal or error, and a mandate is issued directing lower court to enter a specified final judgment or decree, and court in obedience to mandate enters such judgment or decree, generally no appeal or writ of error will lie therefrom, since it would be virtually an appeal from order of Supreme Court.

5. Bail on appeal is not permitted simply to delay payment of penalty provided by law.

6. Comp. Stats. 1920, §§ 6414 and 7559, authorizing admission to bail do not contemplate a second appeal from a judgment entered by district court, in conformity with order of appellate court, reducing a conviction for murder in second degree to that of manslaughter, on which district court sentenced defendant, in accordance with section 7070, which raises only questions that were passed on, or that could have been passed on, in first appeal.

*NOTE—See Headnotes—(1) 6 C. J. p. 966; (2) 36 Cyc. p. 1147; (3) 3 C. J. p. 345; 17 C. J. p. 20; (4) 3 C. J. p. 345; 17 C. J. p. 20 (5) 6 C. J. p. 969 (6) 17 C. J. p. 20.

APPEAL from District Court, Laramie County; WILLIAM A. RINER, Judge.

Mike Sorrentino was originally convicted of murder in the second degree. Upon appeal the conviction was reduced to that of manslaughter. On application for bail pending appeal from judgment resentencing him. ' No briefs.

*David J. Howell,* Attorney General for plaintiff and respondent.

*William C. Mentzer* for defendant and appellant.

*Per Curiam.*

The defendant was originally convicted of the crime of murder in the second degree. He appealed to this court and the judgment was modified, reducing the conviction from murder in the second degree to that of manslaughter. 224 Pac. 420. We said in that case:

"The state accordingly may elect by writing filed in this court within 30 days to take a new trial, in which event the judgment will be reversed, and the cause remanded for a new trial. Unless that is done, the judgment will be reversed as to murder in the second degree and affirmed for manslaughter, and the case remanded to the district court, with direction to cause the prisoner to be brought before it to be resentenced for that crime, taking into consideration the time already served by the defendant and to make all necessary orders not inconsistent herewith."

The defendant filed a petition for a rehearing claiming then, as now, that this court could not lawfully modify the judgment as aforesaid but should send the case back for a new trial. An oral argument was granted, but the petition for rehearing denied. 228 Pac. 283. The state did not elect to take a new trial and the case was accordingly remanded to the district court with direction to cause the prisoner to be brought before it to be resentenced for the crime of manslaughter, taking into consideration the time already served by the defendant. The statute authorizes an imprisonment in the penitentiary for a period of not more than twenty years for the crime of manslaughter. Sec. 7070, W. C. S. 1920. The defendant had already served a term of a year and four months under the former

sentence, and the trial court resentenced him, to comply with the order of this court, to a period of imprisonment of not less than sixteen years and not more than seventeen years, and the sentence appears, therefore, to be in strict compliance with the order of this court. The defendant excepted to the judgment so entered upon the ground theretofore urged in this court, namely, that the court could not lawfully pronounce judgment for the crime of manslaughter, and upon the further ground that the sentence imposed was excessive. Thereupon an appeal was taken to this court from the latter judgment, and the same grounds urged as error below are urged in this court. The present proceeding is an application that the defendant be admitted to bail pending the appeal.

In the absence of a statute no right to be admitted to bail exists after conviction. In re Boulter, 5 Wyo. 263. But we are cited to Section 6414, W. C. S. 1920, which provides as follows:

"The judge of the trial court, or any justice of the Supreme court in any criminal cause *shall,* on such appeal being perfected, admit the defendant to bail in such sum as shall be deemed proper in all bailable cases, and the district court, after conviction, shall also stay the execution of the judgment or sentence pending the taking of the appeal, and in bailable cases, admit the defendant to bail."

Section 7559, W. C. S. 1920, provides, among other things, as follows:

"Provided, that whenever such person is convicted of a bailable felony except murder in the second degree * * * it shall be the duty of the court to fix reasonable bail to be given by the defendant * * * conditioned for the appearance of the persons so convicted on the first day of the next term of said court, and from term to term thereof

until the final disposition of said case by the supreme court of the state, and to abide the final judgment and order of the court therein.''

These sections and section 7589, W. C. S. 1920, which gives the court the power to ''vacate, modify or annul'' a judgment of the district court in criminal cases must be · construed in pari materia.

It is the contention of the attorney general that the statutes do not contemplate that bail should be permitted to be given in a case like the present where the appeal is taken from a judgment entered by the district court merely in conformity with the order of this court. The attorney for defendant maintains the contrary, particularly in view of the fact, as is contended, that a new question is raised for the first time, namely, whether or not the sentence imposed is excessive. Where a party has brought a proceeding for appellate review and it has been prosecuted to a final determination in the appellate court, the general rule is that unless there have been new proceedings in the cause, he cannot again bring the case up for review. 3 C. J. 345. The rule goes further, and it is held that where a case is decided on appeal or error and a mandate is issued directing the lower court to enter a specified final judgment or decree, and the court, in obedience to the mandate, enters such judgment or decree, then, generally, no appeal or writ of error will lie therefrom, for the reason that it would virtually be an appeal from the order of the supreme court. 3 C. J. 345. In the case of McDonald v. State, 80 Wis. 407, the supreme court had reversed the judgment because of error in the sentence and directed the trial court to pronounce the proper judgment. The lower court carried out the mandate and resentenced the plaintiffs in error to imprisonment for terms within the statutory limits. They thereupon took appellate proceedings from that judgment. The Supreme court said, among other things:

"In contemplation of law, the whole record was before the court on the first writ, and all the rulings of the circuit court on the trial were approved by this court, down to the erroneous sentences. Such is the necessary effect of the judgment of this court directing the circuit court to resentence the plaintiffs in error without another trial. Hence the judgment of this court on the first writ is necessarily res judicata of all questions arising upon the record previous to the first sentence, and brings this case within the principle that successive writs of error cannot be brought upon the same judgment."

If we should hold with defendant, a second appeal could, probably, always be taken in a criminal case modified by the supreme court in a manner similar to that in the case at bar by merely maintaining the same contentions raised in the first appeal together with the contention that the sentence imposed is excessive, and the defendant would thus always be enabled, in such cases, if bailable, to be admitted to bail, until the second appeal could be heard on its merits, which, unfortunately, with the crowded docket of the court, takes a considerable time. The effect which is intended by laws giving the courts the power to modify judgments in order to more speedily terminate litigation would thus, at least to a large extent, be nullified. The district court, as stated before, strictly carried out the mandate of this court. While we did not say so in express words, we impliedly authorized the trial court that it might resentence the defendant to imprisonment for a period not exceeding 20 years, less the time already served. If we have the right to interfere with the discretion of the trial court and reduce a sentence, under our power of modification, as contended by counsel for defendant, it would seem clear that we had the right to do so on the first appeal to the extent of fixing a maximum penalty to be imposed within the statutory limit, but we did not see fit to do so except impliedly, as above stated. And it

would seem clear also, assuming our right to modify, that defendant had the right in his petition for rehearing on the first appeal to ask this court to fix such maximum. This was not done. In other words, substantially the same relief asked now might have been granted on the first appeal. That we considered the subject is made clear by the fact that we directed the trial court to take into consideration the time already served by defendant. With these facts and principles of law in mind, and without deciding whether we would still have the right to modify the sentence in the case, or, for that matter, reverse our former holding, did the legislature, in passing the sections heretofore quoted relative to bail on appeal, contemplate a second appeal like that in the case at bar, which raises only questions that were passed on, or could have been passed on in the first appeal? We think not. Bail on appeal is not permitted simply for the purpose of delaying the payment of the penalty provided by law. The object is to protect the defendant in his rights, leave these in statu quo, pending the appeal, and not to put any undue hardship on him if it should turn out that he is not convicted lawfully. But after it has once been finally decided that he has been legally convicted, the object and purposes of the laws permitting bail seem to have been subserved, and while we have no desire to construe the laws relative to bail illiberally, we do not feel warranted, without plainer legislative authority, in extending them to a case like that at bar for which we have not been cited to any precedent, although, as pointed out in the original case, there are many jurisdictions in which the courts exercise the power in modifying judgments as we did in this—the original—case. Our conclusion is that the appeal herein is not such as is contemplated in sections 6414 and 7559, W. C. S. 1920, authorizing admission to bail.

Bail is accordingly denied.