STATE OF WYOMING,

*Plaintiff and Respondent,*

vs.

ANN HELTON,

*Defendant and Appellant.*

(No. 2623; Sept. 22, 1953; 261 Pac. (2d) 46)

Pending on application for admission to bail, filed by William J. Wehrli and Marvin L. Bishop of Casper, Wyoming on behalf of Ann Helton; opposed by Howard B. Black, Attorney General, and Raymond B. Whitaker, County and Prosecuting Attorney of Natrona County.

## OPINION

PER CURIAM.

Ann Helton was convicted in the district court of Natrona County, Wyoming, for second degree murder. Appeal was taken in the case and the record on appeal was filed in this court on August 21, 1953. She now makes original application to this court for admission to bail, not showing that an application had been made to the judge of the trial court. We requested briefs from counsel for the respective parties but none have been filed, so we have made an independent investigation as to the law applicable in this case.

Section 14, Article 1, of our constitution provides that: "All persons shall be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great." We held in the case of In re Boulter, 5 Wyo. 263, 39 P. 875, that this constitutional guaranty is lost after conviction and that appears to be the general rule. 8. C.J.S. 68, § 36; 6 Am. Jur. 80; Hicks v. State, 179 Tenn. 601, 168 S.W. (2) 781. So we must look to the common law and the provisions of our statutes as to whether or not bail

after conviction of second degree murder should be granted. Section 3-5414 W.C.S. 1945, (passed in 1917) provides: "The judge of the trial court or any justice of the supreme court in any criminal cause, *shall,* on such appeal being perfected, admit the defendant to bail in sum such as shall be deemed proper in all bailable cases, and the district court, after conviction, shall also stay the execution of the judgment or sentence pending the taking of the appeal, and in bailable cases, admit the defendant to bail." (Italics supplied). The statute is mandatory in form but must be construed in connection with the statutory provisions hereafter mentioned. The judge of the trial court and any justice of the supreme court have concurrent jurisdiction, and there is no mention in the statute that any justice of the supreme court has greater power or greater duty in granting bail than has the judge of the trial court. So we think that the power and duty of the judge of the trial court stands on the same footing, in so far as this section is concerned, as that of the justices of the supreme court. Hence if the powers and duties of either the judge of the trial court or those of the justices of the supreme court are more precisely defined by other statutory provisions, such provisions should apply to all alike. We have such provision as hereafter noted.

Previous to 1909 bail was not permissible after conviction of a felony. In re Boulter, supra. But in 1909, the legislature adopted the following provision, now contained in § 10-1411, W.C.S. 1945, reading as follows: " * * * provided, that whenever a person is convicted of a bailable felony, except murder in second degree, and the judgment shall be suspended as aforesaid, it shall be the duty of the court to fix reasonable bail to be given by the defendant, with sureties to be approved by the court or the clerk thereof, and conditioned for the appearance of the person so convicted

on the first day of the next term of said court, and from term to term thereof until the final disposition of said case by the supreme court of the state, and to abide the final judgment and order of the court therein, * * *." This provision has stood on our statutes along with section 3-5414 for thirty-five years, and should be harmonized therewith. It is clear that while under this provision, it is mandatory upon the trial judge to grant bail in the ordinary felony case, he is not required as a matter of law to grant such bail in the case of conviction of second degree murder. The duty of the justices of this court is equal to, but no greater than, that of the trial court. Hence the italicized word "shall" appearing in § 3-5414, W.C.S. 1945, is to be construed to mean "may". On the other hand, while § 10-1411, W.C.S. 1945, does not compel the trial court to grant bail when the conviction is for second degree murder, it does not, specifically at least, forbid the granting of bail in such case. At common law, the granting of bail in such cases was left to the judicial discretion. In re Wood, 18 Ariz. 527, 163 P. 268; In re Welish, 18 Ariz. 527, 163 P. 264; City of Sioux Falls v. Marshall, 48 S. D. 378, 204 N.W. 999, 45 A.L.R. 447. Section 10-1411, supra, does not purport to repeal the rule of the common law. Hence we construe that section to mean that the trial court is not compelled to, but may, in its discretion allow bail in a case such as before us. By construing the two sections of our statute here mentioned in the foregoing manner they are in harmony.

We have accordingly before us a situation in which the judge of the trial court and the justices of the supreme court have concurrent jurisdiction in permitting bail in the case before us at their discretion. The question then is as to whether or not that discretion should be exercised by the justices of this court before an application has been made to the judge of the dis-

trict court. We find it stated in 8 C.J.S. 83, § 39, as follows: "Ordinarily, however as a matter of practice the application should, for reasons of comity and because of the trial judge's superior opportunity to possess the facts, be made to the lower court in the first instance and the appellate court will as a rule refuse to hear the initial application, except in an extraordinary case, * * * ." In the case of Ex parte Schriber, 19 Idaho 531, 114 P. 29, 30, 37 L.R.A., N.S., 693, the court stated: "We are not familiar with the situation and the circumstances of the petitioner, and we think that is a matter with which the trial judge can deal more justly and wisely. He is familiar with the parties and their ability to give bail, and also knows the facts surrounding the commission of the offense for which he was convicted." In the case of In re Welisch, 18 Ariz. 517, 163 P. 264, 267, the court stated: "Original application for bail ought not to be made to this court, for we would not feel justified in arrogating to ourselves, or in interfering with, discretionary powers which are peculiar functions belonging to the trial judge in such cases. * * * Of course, if the circumstances of the particular case are exceptional, and the trial judge acts capriciously, or arbitrarily refuses to act, and with no regard for a sound discretion, in other words, not confining himself 'within those limits to which an honest man, competent to discharge the duties of his office, ought to confine himself,' then, in an appropriate proceeding to review the exercise of such discretion, this court would be bound to interfere." See also 6 Am. Jur. 81, § 446; Bennett v. U.S., (CCA), 36 F. (2d) 475. And in exercising the discretion herein mentioned, it is held in City of Sioux Falls v. Marshall, supra, that the court should take into consideration as to whether or not the convicted defendant will properly conduct himself in the meantime if bail is granted.

We might incidentally mention the fact that we have found decisions from two courts in which it was held that unless there is good reason for refusing bail, it should be granted to the prisoner while an appeal is prosecuted in good faith. State v. Waterman, 36 Idaho 259, 210 P. 208; City of Sioux Falls v. Marshall, supra.

Our attention has been called to the fact that some fifteen years ago in the case of Espy v. State, 54 Wyo. 291, 92 P. (2d) 549, (this matter not being reported), bail was granted to a defendant after conviction of second degree murder by members of this court. We do not regard that as a precedent in this case. Bail was granted in that case by agreement between the State of Wyoming and the defendant. We have no independent recollection of the circumstances that existed in that case. Presumably the Attorney General made an independent investigation and came to the conclusion that it was a proper case in which bail should be granted, and reported his findings to us. Any error, therefore, if any, on our part was minimized. The situation in this case is entirely different. Approval on the part of the Attorney General for granting bail by this court has not been forthcoming. No circumstances have been shown to us, for by-passing the judge of the trial court, and to warrant us in ignoring the general rule laid down by the courts as above set forth. The application, therefore, before us must be denied, without prejudice to making application for bail to the judge of the trial court.