CLAUDIUS FRAZER, Plaintiff

v.

LOUIS HOFFMAN, Defendant

Civil No. 288-1969

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 9, 1970

JOHN W. NEWMAN, ESQ., *for plaintiff*

JOHN D. MARSH, ESQ., *for defendant*

ALMERIC L. CHRISTIAN, *Judge*

### MEMORANDUM AND ORDER

The plaintiff in this action was before the Municipal Court of the Virgin Islands, the Honorable Louis Hoffman presiding at Part II, charged with a traffic violation. The specific charge was negligent driving, in that he operated a motor vehicle at so great a rate of speed that he lost control of his vehicle and, as a result, collided with another vehicle.

The defendant was tried and found guilty on August 21, 1969. Sentencing was set for August 25, 1969. On that date, the defendant was sentenced to incarceration in jail for two days, and his operator's license was ordered suspended for sixty days. Immediately following the imposition of the sentence, the following colloquy between counsel and court took place. Mr. Newman (defense counsel): "Is this the proper time to ask what the bond on appeal is?" The Court: "Are you requesting bond on ap-

peal?" Mr. Newman: "Yes, Sir." The Court: "I am denying your request."

The record indicates that on the same day, some time later, defense counsel filed a formal notice of appeal and a document labeled "MOTION TO ALLOW DEFENDANT TO BE ADMITTED TO BAIL AND FOR HIS DISCHARGE FROM CUSTODY PENDING HIS REVIEW OF THE SENTENCE BY THE COURT ON APPEAL." At the same time, counsel submitted a draft of order for the court's signature, denying the request for bail. It seems, however, that this order was never signed by the Judge. The record further indicates that, after telephonic communication with the Honorable William H. Hastie, Chief Judge for the United States Court of Appeals of the Third Circuit, apparently initiated by defense counsel, Judge Hoffman did, in fact, enter an order dated August 25, 1969, in which he rescinded his previous order denying bail pending appeal, "at the request of the Chief Judge of the Third Circuit Court." The order recited the following, "DONE AT CHARLOTTE AMALIE, ST. THOMAS, VIRGIN ISLANDS AT 4:00 PM."[1]

Thereafter, on September 3, 1969, plaintiff filed his action for damages now pending in this Court, praying judgment against defendant Louis Hoffman, sued "in his private and individual capacity and not *** in his official capacity as Judge of the Municipal Court of the Virgin Islands", demanding "general, punitive and exemplary damages, in the sum of FIFTY THOUSAND DOLLARS ($50,000.00)" for what was alleged to be unlawful and involuntary detention of plaintiff by defendant for five hours.

---

[1] As of the date of the filing of this memorandum and order, the appeal supposedly taken by Frazer from the judgment of the Municipal Court, out of which this civil suit has emanated, has not yet been docketed in the District Court.

On November 4, 1969, defendant moved, pursuant to Rule 12 (d) (6) of the Federal Rules of Civil Procedure, to dismiss the complaint for failure to state a claim upon which relief can be granted. As grounds for his motion, defendant asserted that the acts "*** allegedly performed by the defendant, which form the basis of the complaint ***", were done in his official judicial capacity and in the exercise of his discretion. Defendant further asserted that, being a judicial officer, he is "immune from civil liabilities, for damages arising out of acts performed within his judicial competence." Defendant went on to say that it appeared from the allegations of the complaint that plaintiff's action was premature, and that in the event of affirmance of the Municipal Court decision on appeal, plaintiff would have suffered no damage. The assertion that defendant had acted within his discretion in denying bail was grounded on Rule 181, as amended, of the Rules of the Municipal Court.

On November 24, 1969, defendant filed two additional motions, one for judgment on the pleadings and another for summary judgment. At the same time, defendant filed his answer. Plaintiff, on November 29, 1969, countered with a motion to strike certain portions of the defendant's answer, pursuant to Rule 12 (f) of the Federal Rules of Civil Procedure. All motions were argued before the Court on December 8, 1969.

In view of the action, which the Court now takes, it will not be necessary to consider the motions filed on November 24, 1969 or plaintiff's motion to strike certain portions of defendant's answer, for I am satisfied that the motion to dismiss the complaint for failure to state a claim upon which relief can be granted should be sustained.

Essentially, plaintiff's cause of action is one for damages because of false imprisonment. Plaintiff grounds his po-

sition on Rule 149 of the Rules of the Municipal Court respecting admission to bail after conviction, which states in pertinent part,

"When a sentence has been imposed and an appeal from the judgment of conviction has been taken, the trial judge *shall* admit the appellant to bail" (italics supplied), and

"*** *shall* forthwith discharge him from custody" (italics supplied).

Plaintiff urges that the Judge was bound to admit him to bail, for the plain wording of the statute deprived him of any judicial discretion whatsoever. From this position, plaintiff goes on to establish amenability to suit, pursuant to Title 4 V.I.C. Sec. 242, which section reads,

"No judge shall be liable in a civil action for damages by reason of any judicial action taken or judgment rendered by him in good faith."

The foregoing section, plaintiff reasons, makes a judge liable in damages in a civil action, if his judicial acts are rendered in bad faith. Plaintiff claims that defendant did not act in good faith, for he must be assumed to know the rule of court which makes bail mandatory; that, in fact, the denial of bail was not only wrongful, but was malicious and, therefore, subject to suit for damages.

Defendant denies the asserted lack of discretion and, as above stated, grounds this denial on Rule 181, as amended, of the Rules of the Municipal Court, which rule deals with "bail pending appeal in criminal cases". As we have seen, that section says that either "the Municipal Court or the District Court *may* order appellant admitted to bail pending appeal" (italics supplied). Defendant maintains that, in view of this section, it was within his judicial competence and discretion to grant or deny bail pending appeal.

 I find that the two rules are hopelessly in conflict, for Rule 149 utterly deprives the Judge of dis-

cretion, whereas Rule 181 permits the exercise of discretion in the matter of granting bail after conviction and pending appeal. Rule 149 was promulgated by the District Court of the Virgin Islands on May 28, 1957. At the same time, the original Rule 181 was also promulgated by the said Court. The present amendment made no material change, but merely named the Municipal Court or the District Court as the courts which might admit an appellant to bail, whereas the earlier version had read, "the court in which the conviction was had, or to which the appeal has been taken, *may* order the appellant admitted to bail pending appeal" (italics supplied). However we view the two rules, the conflict is inescapable. The situation, with which the court was faced, was as though there were no rule on the subject, in which event the court was bound to rely on Rule 7 of the Rules of the Municipal Court, which states,

"the practice and procedure in the Municipal Court shall conform as nearly as may be to that in the District Court in like causes, except where there is an express provision in the law or these rules to the contrary."

As we look to the federal practice, which is that followed in the District Court, we find that bail pending appeal is allowable, unless the appeal is frivolous or taken for delay. Rule 46(a)(2). However, while it is mandatory that the courts deny bail in the case of a frivolous appeal or one merely taken for delay, it appears that the granting of bail, where there is some basis for appeal, is a matter for the sound discretion of the court, and not one of absolute right in the appellant. Carbo v. U.S., 302 F.2d 456 (9 Cir. 1962), cert. denied 376 U.S. 901, 7 L.Ed.2d 769 (1964). U.S. v. Piper, 227 F.Supp. 735 (D.C. N.D. Tex. 1964). City of Sioux Falls v. Marshall, 204 N.W. 999 (Sup. Ct. S. Dakota 1925). Ex parte Thorpe, 132 Ohio St. 119, 5 N.E.2d 333 (Sup. Ct. Ohio 1936). State v. Helton,

72 Wyo. 105, 261 P.2d 46 (Sup. Ct. Wyo. 1953). 4 Baron, Federal Practice and Procedure, Sec. 2503. 8 Am. Jur.2d —Bail, Sec. 33. It is also clear that one does not have a constitutional right to bail after conviction and pending appeal, but, as a general matter, is for the sound discretion of the court, absent statutory provisions to the contrary. People v. Gerundo, 112 C.A.2d 797, 247 P.2d 374 (Ct. of Appeals of Calif. 1952), cert. denied 344 U.S. 936, 97 L.Ed. 720 (1952). Re Scaggs, 47 C.2d 416, 303 P.2d 1009 (Sup. Ct. of Calif. 1956). State v. Biehl, 139 N.J.L. 82, 54 A.2d 231 (Sup. Ct. of N.J. 1947). The granting or denial of bail pending appeal usually turns on the circumstances of each particular case—U.S. v. Piper, Supra; State v. Capawanna, 130 A. 278 (Co. Ct. of N.J. 1925); Re Nagel, 41 Nev. 86, 167 P. 689 (Sup. Ct. of Nev. 1917); —and while the court may not act in an arbitrary, capricious, or unreasonable manner in denying bail, the exercise of its discretion is entitled to great respect. Carbo v. U.S., Supra. Re Newbern, 55 C.2d 500, 360 P.2d 43 (Sup. Ct. of Calif. 1961). Application of Friedman, 46 C.2d 810, 299 P.2d 217 (Sup. Ct. of Calif. 1956).

■ Given the conflict in the rules of the Municipal Court, with which the Judge was faced, and the well-settled body of law making the granting of bail under those particular circumstances a matter of the court's discretion, it cannot be said that the acts of the Judge in the instant case were not taken in good faith. It may very well be that, in view of the fact that, if bail were denied, a sentence as short as two days must necessarily have been completely served well before an appeal could be perfected, heard, and determined, the court might have exercised its discretion in favor of admitting the defendant to bail. This might be regarded as an abuse of discretion, but even where a judicial officer has been held to have abused his discretion, it does not follow that he is ipso

facto, liable to suit for damages. Bradley v. Fisher, 80 U.S. 335 (1871). Alzua v. Johnson, 231 U.S. 106 (1913). Kenney v. Fox, 232 F.2d 288 (CA-6 1956). Brictson v. Woodrough, 164 F.2d 107 (CA-8 1947), cert. denied 334 U.S. 849, 92 L.Ed. 1772 (1948). Ishkanian v. U.S., 35 A.2d 176 (D.C. Cir. 1943). This must be so, for an abuse of judicial discretion is not necessarily a manifestation of such lack of good faith as would deprive a judge of the immunity of suit, with which all agree he is properly and justly clothed. Alzua v. Johnson, Supra. Dale Lite v. U.S., 346 U.S. 15, 97 L.Ed. 1427 (1952). Davis v. Burris, 75 P.2d 689 (Sup. Ct. of Ariz. 1938). Brictson v. Woodrough, Supra. It follows, therefore, that, even on the facts alleged by plaintiff, he is not, entitled to the relief he seeks. The motion to dismiss the complaint is therefore hereby granted.