680 P.2d 522

The STATE of Arizona, Petitioner,

v.

The Honorable John G. HAWKINS, Judge of the Superior Court of Arizona for Pima County, Respondent,

and

Robert John Bauer, Real Party in Interest.

No. 2 CA–SA 0024.

Court of Appeals of Arizona, Division 2.

Feb. 28, 1984.

Rehearing Denied April 11, 1984.

Stephen D. Neely, Pima County Atty. by David R. Ramage-White, Tucson, for petitioner.

R. Lamar Couser, Tucson, for real party in interest.

### OPINION

HATHAWAY, Judge.

The state has brought this special action to challenge the trial court's release of the real party in interest on bond pending appeal. Since the issue would be moot if the state were relegated to relief by appeal, and because we believe the court exceeded its jurisdiction in ordering the release, we assume jurisdiction and grant relief.

The real party in interest was convicted by a jury of molestation of a child and was sentenced on January 6, 1983, to a manda-

tory but mitigated term of 5.25 years in prison pursuant to A.R.S. § 13–1410. A notice of appeal was filed and, along with it, a motion to release on bond pending the appeal. Over objections voiced by the prosecutor, the respondent court granted the motion and released the real party in interest on $2,200 bond.

A.R.S. § 13–3961.01 states:

"A person shall not be continued at large on bail or be admitted to bail after conviction of a felony offense for which the person has received a sentence of imprisonment except when the superior court or a judge thereof is satisfied upon investigation that the person in custody is in such physical condition that continued confinement would endanger his life." Added by Laws 1982, Ch. 220, § 2.

No investigation was conducted regarding the real party in interest's physical condition, and no finding regarding such was made by the court. Under the express language of A.R.S. § 13–3961.01, the real party in interest should have been placed in custody at the time of sentencing.

The court concluded that Rule 7.2(b), Arizona Rules of Criminal Procedure, allowed the release. The rule states:

"After a person has been convicted of any offense for which he has or may suffer a sentence of imprisonment, he shall not be released on bail or on his own recognizance unless it is established that there are reasonable grounds to believe that the conviction may be set aside on a motion for new trial, reversed on appeal, or vacated in any post-conviction proceeding."

Contrary to real party in interest's contention, the rule and the statute are in conflict. Where rules and statutory enactments are in conflict, the statutes will govern where the matter is substantive, and the rules will prevail where the matter is merely procedural. See *State v. Birmingham*, 96 Ariz. 109, 392 P.2d 775 (1964). "[S]ubstantive law is that part of the law which creates, defines and regulates rights; whereas the adjective, remedial or proce-

dural law is that which prescribes the method of enforcing the right or obtaining redress for its invasion." *State v. Birmingham,* 96 Ariz. at 110, 392 P.2d at 776. Here the right is to remain free pending appeal, clearly a right and not a method of enforcing a right or obtaining redress for its invasion. Therefore, A.R.S. § 13–3961.-01 governs.

The real party in interest argues that the court made its own finding that there was a likelihood of reversal on appeal. Even assuming such a finding was made, it is irrelevant under the statute. The only avenue to release would have been a finding that the real party in interest's physical condition would militate against confinement. In the absence of such a finding following an investigation, the court had no jurisdiction to order the real party in interest's release. The order is therefore vacated and the real party in interest is to be brought into custody forthwith.

BIRDSALL, C.J., and HOWARD, J., concur.