**The STATE of Wyoming, Petitioner,**

v.

**DISTRICT COURT OF the SECOND JUDICIAL DISTRICT, Respondent.**

No. 85–171.

Supreme Court of Wyoming.

March 4, 1986.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Sylvia Lee Hackl, Sr. Asst. Atty. Gen., Thomas A. Maurer, Asst. Atty. Gen., and Terrill R. Tharp, Big Horn Co. Atty., for petitioner.

Gerald R. Mason and Van Graham of Mason & Twichell, P.C., Pinedale, for respondent.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

THOMAS, Chief Justice.

The important issue which induced the court to grant a writ of certiorari in this case is whether there exists in the state of Wyoming a substantive right to be released on bail pending the appeal of a conviction in a criminal case. Contrary to the claim of the State of Wyoming that §§ 7–11–507 and 7–11–511, W.S.1977, have been superseded pursuant to Rule 56, W.R.Cr.P, the district court ruled that there does exist a substantive right to be released on bail while an appeal is prosecuted. We affirm the judgment of the district court.

The petitioner, the State of Wyoming, asserts the issues in this case to be:

"I. DID RESPONDENT ERR IN RELEASING DEFENDANT FROM THE PENITENTIARY WITHOUT FIRST RULING THAT THE TRIAL COURT ACTED BEYOND THE SCOPE OF ITS JURISDICTION AND THAT DEFENDANT WAS ILLEGALLY DETAINED?

"II. IS THE MATTER OF BAIL AFTER CONVICTION AND PENDING APPEAL PROCEDURAL IN NATURE AND GOVERNED BY COURT RULES, UNDER WHICH A DEFENDANT MAY BE DENIED BAIL?"

The respondent, which is the District Court of the Second Judicial District, states the issues in this way:

"I. WITH THE EXCEPTIONS OF CAPITAL OFFENSES AND SECOND DEGREE MURDER, IS A CONVICTED FELON ENTITLED AS A MATTER OF RIGHT TO REASONABLE BAIL PENDING APPEAL?

"II. DID RESPONDENT HAVE JURISDICTION TO HEAR A PETITION FOR WRIT OF HABEAS CORPUS SEEKING BAIL PENDING APPEAL?"

John H. Story was convicted of six felony charges in the District Court of the Fifth Judicial District in Big Horn County. These convictions consisted of two counts of forcible rape in violation of § 6–63, W.S. 1957; three counts of assault and battery with intent to commit rape in violation of § 6–64, W.S.1957; and one count of second degree sexual assault in violation of § 6–4–303(a)(vii), W.S.1977. Story was sentenced to 15 to 20 years on each of the two counts of forcible rape; 12 to 15 years on each of the three counts of assault and battery with intent to commit rape; and 10 to 15 years on the second degree sexual assault charge, with all sentences to run concurrently. Contemporaneously, the trial court denied Story's motion for bail pending appeal, and he then was remanded to the custody of the sheriff of Big Horn County to be transported to the Wyoming State Penitentiary at Rawlins in Carbon County.

Thereafter, Story filed a Petition for Writ of Habeas Corpus in the District Court of the Second Judicial District in Carbon County. Story claimed that his detention was illegal because he had been denied the right to bail while his appeal was pending. The State of Wyoming responded with an Answer and a Motion for Summary Judgment. In its Memorandum in Support of Motion for Summary Judgment the State contended that it was entitled to judgment as a matter of law because there is no right to be admitted to bail pending an appeal. The District Court of the Second Judicial District in Carbon County denied the Motion for Summary

Judgment and subsequently entered an order finding that Story should be admitted to bail pending appeal and setting bail in the amount of $50,000 to be secured by cash or corporate surety. Upon the posting of a $50,000 certificate of deposit, Story was released on bail. On the same date that Story was released from the penitentiary, the State filed a Petition for a Writ of Prohibition or in the Alternative for Writ of Certiorari or Other Relief in this court. The court granted a Writ of Certiorari in this case, and the issues are before this court for review pursuant to that writ.

In this court, as in the District Court of the Second Judicial District, Story relies upon the provisions of §§ 7–11–507 and 7–11–511, W.S.1977. These statutes provide as follows:

"§ 7–11–507. Suspension of sentence on notice of appeal.

"When a person shall be convicted of felony, and shall give notice to the court of his intention to apply for a writ of error, or other process by which, according to law, cases are taken to the supreme court, the *court shall, on application of the person so convicted, suspend the execution of the sentence or judgment against him until the next term of the court.* [Emphasis added.]

"§ 7–11–511. Custody after conviction and before judgment; bail; escape.

"*Whenever* a person shall be convicted of a felony, and *the judgment shall be suspended as aforesaid*, it shall be the duty of the court to order the person so convicted into the custody of the sheriff, to be imprisoned until the case in error be disposed of. If a person so convicted shall escape, the clerk of the court, on application of the prosecuting attorney, shall issue a warrant stating such conviction and commanding the sheriff of the county to pursue after such person into any county of the state, and said sheriff shall take such person and again commit him to the jail of such county; *provided, that whenever a person is convicted of a bailable felony, except murder in the second degree, and the judgment shall*

*be suspended as aforesaid, it shall be the duty of the court to fix reasonable bail to be given by the defendant,* with sureties to be approved by the court or the clerk thereof, and conditioned for the appearance of the person so convicted on the first day of the next term of said court, and from term to term thereof until the final disposition of said case by the supreme court of the state, and to abide the final judgment and order of the court therein. \* \* \* " [Emphasis added.]

The State of Wyoming relies upon the provisions of Rule 56, W.R.Cr.P., which was adopted on November 21, 1968 with an effective date of February 11, 1969. It provides:

"Rule 56. Laws superseded. From and after the effective date of these rules, the sections of the Wyoming Statutes, 1957, as amended, hereinafter enumerated, shall be superseded, and such statutes and all other laws in conflict with these rules shall be of no further force or effect: \* \* \*

7–268 through 7–274

7–276 \* \* \*."

Section 7–11–507, W.S.1977, was § 7–272, W.S.1957, and § 7–11–511 was § 7–276, W.S.1957. Relying upon the supersession of the statutory provisions, the State of Wyoming insists that Rule 8, W.R.Cr.P. controls the matter of bail. The rule provides in pertinent part as follows:

"Rule 8. Bail.

"(a) *Right to bail.*

"(1) Before Conviction.—A person arrested for an offense not punishable by death shall be admitted to bail. A person arrested for an offense punishable by death may be admitted to bail by any court or judge authorized by law to do so in the exercise of discretion, giving due weight to the evidence and to the nature and circumstances of the offense, except that where the proof is evident or the presumption great a defendant shall not be admitted to bail.

"(2) Upon Review.—During the pendency of appeal, a judge or justice of a court having jurisdiction may admit a defend-

ant to bail in such sum as shall be deemed proper in all bailable cases. The judge or justice allowing bail may at any time revoke or amend the order admitting the defendant to bail.

\* \* \* \* \* \*

"(h) *Habeas corpus.*—Any accused person aggrieved by the application of this rule may apply for a writ of habeas corpus."

 The State of Wyoming first contends that in order to have jurisdiction to proceed the District Court of the Second Judicial District had to find that the District Court of the Fifth Judicial District acted beyond the scope of its jurisdiction in denying bail pending appeal and that Story therefore was being illegally detained. The District Court of the Second Judicial District did not so find, but relied for its authority upon the provisions of Rule 8(h), W.R.Cr.P. This ruling by the District Court in the Second Judicial District was sound. Rule 8(h), W.R.Cr.P. provides clearly that an accused person aggrieved by the application of the rule may apply for a writ of habeas corpus. The writ of habeas corpus must be sought before the closest judge. § 1–27–104, W.S.1977. For one confined in the Wyoming State Penitentiary near Rawlins that is the District Court of the Second Judicial District. Without receding from the decisions of this court which are cited by the State in its brief in support of its position in this issue, we conclude that the function of the writ of habeas corpus has been expanded by the language of Rule 8(h), W.R.Cr.P., to afford to the District Court of the Second Judicial District the authority to proceed in connection with the issue of bail.

 The next contention of the State is that the matter of bail following a conviction and pending the prosecution of an appeal is procedural in nature and governed by court rules pursuant to which a defendant may be denied bail. The State of Wyoming relies upon the rule-making power of this court to supersede the statutes upon which Story relies, and it contends that the rule is controlling because

there is no substantive right to bail pending an appeal. The State argues, however, that because of prior decisions this court is committed to the position that the right to bail pending appeal is a procedural matter. The State supplements that argument by citing persuasive authority from other jurisdictions. The opposing contention of the District Court of the Second Judicial District is that the appropriate rule is found in *State v. Hawkins,* 140 Ariz. 88, 680 P.2d 522 (1984), in which the court concluded that any right to bail pending appeal is a matter of substance not procedure.

Neither party questions the right of this court to promulgate rules of procedure pursuant to § 5–2–114, W.S.1977, nor the fact that such rules have "the force and effect of law." *Barnes v. State,* Wyo., 642 P.2d 1263, 1266 (1982). The limit upon the authority of this court to promulgate rules is found in § 5–2–115(b), W.S.1977, and again no one questions the proposition that this court cannot supersede substantive rights by adopting rules of procedure. *Goodman v. State,* Wyo., 644 P.2d 1240 (1982).

In *State v. District Court,* Wyo., 399 P.2d 583 (1965), this court quoted with approval from *In re McCombs' Estate,* Ohio Prob., 80 N.E.2d 573, 586 (1948):

"\* \* \* The substantive law is that part which creates, defines, and regulates rights as opposed to adjective or remedial law, which prescribes the method of enforcing rights or obtaining redress for their invasion. \* \* \*"

While this court has recognized that "\* \* \* it is not always easy to distinguish between procedure and substance in that these terms are not mathematically exact \* \* \*" (*Hopkinson v. State,* Wyo., 664 P.2d 43, 52 (1983), *cert. denied,* 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983)), the language quoted from *State v. District Court, supra,* still provides the essential guidelines for reaching a decision.

Surely it cannot be gainsaid that a right to bail is a manifestation of the interest of the individual in his personal liberty. Liberty is a concept too deeply ingrained in the

fundamental precepts of our social and governmental structure to permit it to be relegated to a dependency upon procedure. In the Declaration of Independence our forefathers proclaimed:

"We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness. * * * "

The signers of the Constitution of the United States of America declared in the preamble:

"WE THE PEOPLE of the United States in order to form a more perfect Union, establish Justice, insure domestic Tranquility, provide for the common defence, promote the general Welfare, and secure the Blessings of Liberty to ourselves and our Posterity, do ordain and establish this CONSTITUTION FOR THE UNITED STATES OF AMERICA."

In Art. I, § 9 of the Constitution of the United States the framers provided, with very limited exceptions, that the privilege of the writ of habeas corpus should not be suspended. In the Fifth Amendment to the Constitution of the United States, provision is made that the people shall not be deprived of liberty without due process of law, and the Eighth Amendment provides that excessive bail shall not be required.

The preamble to the Constitution of the State of Wyoming says:

"We, the people of the State of Wyoming, grateful to God for our civil, political and religious liberties, and desiring to secure them to ourselves and perpetuate them to our posterity, do ordain and establish this Constitution."

In the declaration of rights in Article I of the Wyoming Constitution we find a recognition of the inherent right to liberty; a requirement for due process of law before a person can be deprived of liberty; a denial of absolute arbitrary power over the liberty of free men; a provision, about which more will be said, that "[a]ll persons shall be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great * * * "; a provision that excessive bail shall not be required; and a prohibition against the suspension of the right of habeas corpus. We have no equivocation in stating that the right of personal liberty is a substantive right.

We cannot agree with the contention of the State that this court has previously committed itself to a position on this issue. For example the court said in *In re Boulter,* 5 Wyo. 263, 39 P. 875, 879 (1895):

" * * * The legislature undoubtedly has the power to provide for bail after conviction and upon the suspension of the sentence. [Citation omitted.] It has not done so, however, but has expressed itself to the contrary * * *.

\* \* \* \* \* \*

"While we recognize the right of the legislature to enlarge this constitutional grant, so as to include persons sentenced for a felony, this court has no power and no inclination to invade the domain of the legislature and confer such a right in the face of the unambiguous direction of a valid statute. * * * "

At the time that case was decided the statute in question indirectly prohibited bail pending appeal by providing that one convicted of a felony was to be kept in custody pending appeal. A different statute provided a right to bail prior to conviction. The defendant contended that the constitutional language referring to "all persons" nonetheless afforded him a right to bail pending appeal. This court concluded that it did not, in effect holding that the statute removed the discretion that the common law vested in the trial court. Thus it is apparent that the matter of bail pending appeal was perceived to be a substantive matter at that point in time.

*State v. Sorrentino,* 32 Wyo. 410, 233 P. 142 (1925), does not really address the substantive-procedural question. In that case the court ruled that, after the first appeal had been resolved with a decision that the defendant had been lawfully convicted, the object and purposes of laws providing for bail pending appeal have been adequately

served. Consequently, the denial of bail pending any further proceedings was upheld. The court did cite In re Boulter, supra, for the proposition that there is no right to bail pending appeal in a criminal case in the absence of a statute.

In *State v. Helton*, 72 Wyo. 105, 261 P.2d 46 (1953), the question before the court was whether one could be admitted to bail pending appeal upon a conviction for second degree murder. Two statutes read together appeared to exclude that offense from mandatory language requiring admission to bail. The court there concluded that in a second degree murder case, the common law rule that bail is within the trial court's discretion applied, and to support that result it read the mandatory word "shall" as "may". The court thus justified judicial discretion with respect to the admission to bail pending appeal of one convicted of second degree murder. There was no question involved, however, as to whether the legislature had authority to provide as a matter of substantive law for admission to bail for other felonies after conviction and pending appeal.

We conclude that this court has not become committed to any proposition that the right to bail pending appeal is procedural rather than substantive. We hold that the proper rule is articulated in *State v. Hawkins*, supra. We do note that Washington, in *State v. Smith*, 84 Wash.2d 498, 527 P.2d 674 (1974), and Idaho, in *State v. Currington*, 108 Idaho 539, 700 P.2d 942 (1985), have espoused a contrary position in order to justify admitting a convicted person to bail in apparent contradiction of a statute forbidding that relief. In this sense these cases may be close to the proposition articulated in State v. Helton, supra, and they certainly manifest a bias in favor of the liberty interest.

We have no difficulty in resolving any asserted conflict between Rule 8 of W.R.Cr.P. and the statute. Once the statute is recognized as providing a substantive right to bail pending appeal, then Rule 8, W.R.Cr.P. provides the procedure for setting bail and admitting the convicted person to bail as required by the statute.

We are not unfamiliar with a generally held perception that the right to bail pending appeal is discretionary pursuant to Rule 8, W.R.Cr.P. Having analyzed the proposition, however, we recognize that perception to be erroneous. If the substantive right to bail is to be eliminated in the state of Wyoming, it must be by action of the legislature which up until this time has maintained a statute which grants that substantive right.

The order of the District Court of the Second Judicial District of the State of Wyoming is affirmed.

BROWN, Justice, specially concurring.

I agree that under the circumstances of this case respondent had a substantive right to bail pending appeal. However, the order of the district court apparently failed to consider society's interest in the matter, specifically, the interest of the community of Lovell. It would not have violated any constitutional rights and would have been in the interests of justice if the order admitting Story to bail had prohibited him from contacting those involved in the trial that resulted in his conviction. Rule 8(c), Wyoming Rules of Criminal Procedure, authorizes the judge to place restrictions on the activities of one being admitted to bail. Respondent should have been prohibited from attempting to contact those involved in his prosecution while at large on bail.