**Bobbie J. HAMILTON, Petitioner-Appellant,**

v.

**STATE OF NEW MEXICO et al., Respondents-Appellees.**

No. 72-1877.

United States Court of Appeals, Tenth Circuit.

May 31, 1973.

George E. Pino, Sp. Asst. Atty. Gen., has filed a motion to affirm on behalf of respondents-appellees.

Jack L. Love, Fed. Public Defender, has filed a memorandum in opposition to summary affirmance and a response to motion to affirm on behalf of petitioner-appellant.

Before LEWIS, Chief Judge, and PICKETT and McWILLIAMS, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the district court denying appellant's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Upon conviction of assault, appellant Bobbie Hamilton applied for an appeal bond, which was denied by both the sentencing court and the state supreme court. Appellant then sought federal habeas corpus relief to assert that his constitutional right to bail had been denied. There is a direct appeal now pending in the state court.

The real issue is whether appellant has a claim which is cognizable by federal habeas corpus. A state prisoner has no absolute federal constitutional right to bail pending appeal. Bloss v. Michigan, 421 F.2d 903 (6th Cir. 1970); United States ex rel. Fink v. Heyd, 408 F.2d 7 (5th Cir. 1969), cert. denied, 396 U.S. 895, 90 S.Ct. 192, 24 L.Ed.2d 172; United States ex rel. Klein v. Deegan, 290 F.Supp. 66 (S.D.N.Y.1968); United States ex rel. Siegal v. Follette, 290 F.Supp. 632 (S.D.N.Y.1968); Iles v. Ellis, 264 F.Supp. 185 (S.D.Ind.1967).

Federal courts do not sit as appellate courts to review the use or abuse of discretion of state courts in granting or withholding bail pending final appeal. Bloss v. Michigan, supra, 421 F.2d at 906. And, generally, denial of bail is not an available basis for seeking post-conviction relief. Corbett v. Patterson, 272 F.Supp. 602 (D.C.Colo. 1967). See also Sheldon v. Nebraska, 401 F.2d 342 (8th Cir. 1968).

We notified appellant that the court was considering summary affirmance and that appellee had filed a motion to affirm. We now have before us appellant's memorandum in opposition to summary affirmance and his response to motion to affirm. Nonetheless, we have now carefully and thoroughly reviewed the files and records in this case, and are convinced that the district court's denial of relief was proper.

Accordingly, the motion to affirm is granted and the judgment is affirmed.

Affirmed.