OPINION OF THE COURT
Irving Lang, J.
This application for bail pending sentence presents two *461 unique issues in connection with the recently enacted statute (L 1979, ch 410), effective September 1, 1979, reclassifying the drug laws and providing, inter alia, for resentencing of those persons convicted of a class A-III offense committed prior to September 1 (Penal Law, § 60.09).
The first issue is whether the defendant, after pleading guilty to a class A-III felony and being sentenced under former section 70.00 of the Penal Law, is entitled to immediate resentencing pursuant to section 60.09 of the Penal Law.
The second is whether the mandatory remand provision for those persons convicted of a class A felony still has validity for a defendant who has pleaded guilty to a class A-III felony but who, pursuant to the new law, is to be resentenced to a term of imprisonment for one to three years.
Under the prior comprehensive drug statutes (Penal Law, art 220; Penal Law, § 70.00, subd 2, par [a]), life sentences were mandatory for all persons convicted of narcotics sales.
In 1979 a number of revisions of these laws were enacted by the Legislature, including a major change relating to sales. The class A-III category of drug offenses, carrying mandatory life sentences for minor sale and certain possession offenses, was eliminated and reclassified as a class B felony. The new law also affords potential relief for those persons convicted of a class A-III felony for an act committed prior to September 1, 1979. He or she "may, upon notice to the appropriate district attorney, apply for resentencing in the court which originally imposed sentence” (Penal Law, § 60.09). The court is thereupon authorized to impose a new sentence with a maximum term of no less than three times the original minimum and no more than 25 years.
In conformance with these revisions in the law, agreement was made between the defendant and the District Attorney in the instant case to plead guilty to a class A-III felony and to be sentenced to a term of imprisonment for a period of one year to life. Defendant would then make a motion to resentence, which the People would not oppose, and the . court would resentence defendant to a term of one to three years.
The only requirement in the resentencing provision is that application be made upon notice to the appropriate District Attorney. Where a person who has already been sentenced and is serving his or her term makes such an application, there will necessarily be a period of delay before relief is granted. However, there is no need for a waiting *462 period where, as here, the District Attorney has already received the requisite notice through his participation in the plea negotiations. There is nothing in the plain language of the statute which mandates any delay between the original sentencing and the resentencing. Nor is there any sound policy reason to require one, if the court determines that a definite maximum, as opposed to a life term, is appropriate in a particular case. It would be senseless to incur unnecessary costs in sending the defendant to State prison and bringing him back to court when both sentences could have been issued at the same time. There is, therefore, no bar to immediate relief under section 60.09 of the Penal Law.
The second issue that has been raised revolves around the defendant’s request for continuance of bail pending sentence.
Any discussion in this area must start with the proposition that there is no constitutional right to bail after conviction (People ex rel. Epton v Nenna, 25 AD2d 518; Matter of Rogers v Leff, 45 AD2d 630; Matter of Gold v Shapiro, 62 AD2d 62, affd 45 NY2d 849; Robertson v Connecticut, 501 F2d 305). However, once the State Legislature elects to permit bail after conviction, it must do so in a nonarbitrary manner (Brown v Wilmot, 572 F2d 404).
Under CPL 530.40 (subd 3), any person who has been convicted of a class A felony must be remanded without bail pending sentence. A similar provision, CPL 530.50, prohibits bail pending appeal.
While this court has found no cases relating to the denial of bail pending sentence in relation to class A drug felonies, the provision prohibiting bail pending appeal has been upheld as constitutional (Matter of Rogers v Leff, supra; Matter of Gold v Shapiro, supra). Nor is there any rational basis for distinguishing between bail pending or after sentence. Indeed, logically there is more legitimate concern about the nonappearance of a defendant for sentence than about a defendant who has already appeared for sentence.
However, there is no prohibition against continuing a defendant on bail pending sentence or pending appeal for a non-A felony conviction. And the question to be resolved is whether, under the circumstances of the instant case, the mandatory remand provisions have continuous constitutional viability.
In Gold v Shapiro (supra), the court discussed the two rationales upon which the prohibition of bail after conviction for class A controlled substance offenses is based. First, all *463 class A felony offenses carry a mandatory maximum sentence of life imprisonment despite differing subcategories. The court held that the severity of a life sentence (despite varying minimum terms) is such as to create a substantial risk of flight should the convicted defendant remain at liberty. The logic of this position cannot be gainsaid; and if the possibility of a life sentence existed in this case, this discussion would go no further. The fact is, however, that a life sentence for this defendant is possible only if she should fail to return for sentence, since the court indicated that a failure to appear would release the court from the sentence promise. The life sentence, therefore, acts as a deterrent, not a goad, to flight.
The second basis suggested by the Appellate Division is that the Legislature could validly determine that class A-III felons constitute a clear and present danger to the community, and that the minimum sentences should be commenced immediately, both as a matter of punishment and for the protection of the public. Whether or not this rationale crossed the collective mind of the Legislature which originally enacted the so-called "Rockefeller Drug Law,” it clearly was not the intent of the current Legislature. Class A-III controlled substance offenses have been removed from the "A” classification entirely, and the authorized resentence for this defendant is less than the maximum which could be imposed for a class E felony.
In fact, under the new legislation, wherein the class A-III drug felonies are now class "B” felonies, a second felony offender convicted of the new "B” felony would face a mandatory sentence of no less than four and one-half to nine years. Yet there would be no prohibition against bail pending sentence or pending appeal. To say that the same prior felony offender, convicted of the old class A-III drug felony but promised an indeterminate sentence of one to three years, would not be entitled to bail pending sentence or appeal defies logic.
Therefore, in the case of a defendant who has been convicted of a class A-III felony and who has been promised a sentence of less than life imprisonment, the assumptions underlying the prohibition of bail after a class A felony conviction have no validity.
As previously indicated, once the State elects to permit bail (as is permitted in all nonclass A felony convictions), it must do so in a nonarbitrary manner (Brown v Wilmot, 572 F2d *464 404, supra). To automatically deny bail to a defendant on the basis of a mere de jure label of a crime as a class "A” felony, when de facto it is a class "E” felony, would be arbitrary.
Therefore, I hold that where a definite promise of a maximum definite sentence is made as a result of plea negotiations, the question of remand pending sentence becomes discretionary rather than mandatory. Of course, if no sentence promise is made and defendant faces the possibility of life imprisonment, bail should not be fixed.
Accordingly, the defendant, having appeared on every prior occasion, is continued on bail pending sentence.