UNITED STATES ex rel. Peter M. HEBEL, Plaintiff,

v.

**Dennis LUTHER, Defendant.**

No. 82 C 4667.

United States District Court, N. D. Illinois, E. D.

Aug. 5, 1982.

---

William H. Theis, Chicago, Ill., for plaintiff.

Dan K. Webb, U. S. Atty. by Michael O'Connell, Asst. U. S. Atty., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

This cause came before the Court for hearing on July 29, 1982. At that time petitioner, Peter Michael Hebel, requested this Court to release him on a recognizance bond, pending a final parole revocation hearing scheduled for August 16, 1982, (Tr. 8).[1] The Court granted petitioner the relief sought, at which time the government asked the Court to provide written reasons for its ruling. This order is issued pursuant to that request.

The facts presented at the July 29 hearing are as follows. Mr. Hebel was arrested on April 12, 1982 on a parole violator warrant, based in part on municipal charges of disorderly conduct and assault and battery. A default judgment was entered on the latter charge which, according to the parole commission's regulations, meant that it was unnecessary to conduct a preliminary hearing on the alleged parole violation, 28 C.F.R. § 2.49(f).[2] On April 21, Mr. Hebel's counsel wrote to the parole commission to inform it that the default judgment had been vacated.[3] Upon receiving this information, the commission reconsidered its initial conclusion that no preliminary hearing was required, and, on May 7, 1982, the commission informed Mr. Hebel that such a hearing would be held. After several continuances, the hearing was conducted on June 1, 1982.[4] At that time, the probation officer found probable cause for six out of the eight charges which formed the basis for the parole violator warrant. Nonetheless, the probation officer recommended that the petitioner be released from confinement and restored to supervision in the general population. Despite this recommendation, Mr. Hebel was designated to the Metropolitan Correctional Center in Chicago, pending his final revocation hearing which was scheduled for June 30, 1982.

On June 25, 1982, five days before the hearing was to take place, Mr. Hebel informed the Commission that he wished to be represented by court-appointed counsel.[5] Counsel was appointed; however, on the date of the hearing, counsel failed to appear because of a conflict. Mr. Hebel was at that time informed that he could either wait two months until another hearing could be scheduled or sign a waiver of coun-

---

1. In his petition, Mr. Hebel indicated his belief that the final hearing was to occur on August 26, 1982. At the hearing, however, the parties agreed to the change of date.

2. The general rule is that an alleged parole violator is to be "... accorded the opportunity to have—(A) a preliminary hearing ... without unnecessary delay to determine if there is probable cause to believe he has violated a condition of his parole..." 18 U.S.C. § 4214(a)(1)(A). By regulation, however, the commission has provided that "... conviction of a Federal, State or local crime committed subsequent to release by a parolee shall constitute probable cause for the purposes of this section and no preliminary interview shall be conducted unless otherwise ordered by the Regional Commissioner." 28 C.F.R. § 2.49(f).

3. The facts indicate that Hebel's original failure to appear was unintentional and was due only to some confusion as to the date, (Tr. 5).

4. Although the facts do not indicate what date was initially set for the hearing, it appears that a continuance was sought by Mr. Hebel on May 13, 1982 to allow him time to secure the presence of adverse witnesses. The hearing was then scheduled for May 28, 1982, but had to be rescheduled because no Marshal could be located at the Federal Building in Milwaukee.

5. Mr. Hebel, prior to this date, had been represented by privately retained counsel. Apparently because of the prohibitive cost of transporting counsel to Chicago, Mr. Hebel did not retain private counsel for the final hearing, (Tr. 7).

sel form. Petitioner declined to sign the waiver, and the hearing was rescheduled.

 The rule of law governing the release of an alleged parole violator pending a final parole revocation hearing is set forth in *Luther v. Molina*, 627 F.2d 71 (7th Cir. 1980) as follows:

"There are two situations in which a parolee detained during revocation proceedings might properly be granted habeas corpus relief, including bail. The first is when the petition alleges and the Court finds that the incarceration itself does not comport with constitutional or statutory requirements... The second situation ... is when some other aspect of the revocation procedure is attacked as unconstitutional or contrary to statute or regulation."

627 F.2d at 76. In analyzing the first situation, the Court listed as one example "an allegation that the preliminary hearing was not conducted quickly enough to adhere to constitutional or statutory requirements." *Id.* In this case, although this Court concludes that the relevant statute was not violated by delay in holding the preliminary hearing, the delay in holding the final revocation hearing does constitute a statutory violation and provides the basis for this Court's decision.[6]

 The relevant statute is 18 U.S.C. § 4214(a)(1)(B) which provides that an alleged parole violator is entitled to a final revocation hearing within 60 days of the initial probable cause determination. In this case, petitioner's probable cause hearing was held on June 1, 1982. He has now been informed that he will receive a final hearing on August 16, 1982. This is a clear violation of the statute and, when combined with the other facts of petitioner's case, justifies petitioner's release on bail.

In the *Molina* case, the Seventh Circuit identified certain findings which must be made before bail may be awarded by a district court in a case like this. As a threshold matter, it must be shown that the parolee has requested release from the Parole Commission and has been denied. *Id.* at 77. Mr. Hebel's petition to this Court indicates that he made such a request, through his counsel, on July 23, 1982 (Petition for Writ of Habeas Corpus at 2–3). Additionally, it must be found that the requirements of 18 U.S.C. § 4214(a)(1)(A)(i–iv) are met. *Id.* This Court finds that they are.

First, in light of the fact that it has now been almost four months since petitioner was initially arrested, the Court is virtually compelled to find that continuation of the revocation proceedings is not warranted. 18 U.S.C. § 4214(a)(1)(A)(i). This finding is especially appropriate in light of the fact that much of the delay has occurred through no fault of the petitioner. Although it is true that the initial delay in setting a date for the preliminary hearing and the subsequent continuance of that hearing are in part attributable to petitioner's actions, *see* n.4, p. 2, *supra; cf. Molina*, 627 F.2d at 75, n.3, the extension of the date for the final hearing was completely beyond the petitioner's control, and, indeed, caused him considerable frustration and dismay, (Tr. 7). This Court cannot permit a man, not yet found to have in fact violated his parole, to be required to spend almost two additional months in prison because his court-appointed counsel announced, on the initially scheduled day of the hearing, that he would be unable to attend because of a conflict. Also, it is relevant at this point to reiterate the fact that, at the probable cause hearing, the hearing officer recommended that petitioner be released from confinement while awaiting his final hearing, p. 2, *supra*. In light of these facts, this Court finds that the delay in holding petitioner's final hearing is unwarranted.

As for the second finding required by the *Molina* decision, this Court believes that "incarceration of the parolee pending further revocation proceedings is not warranted by the alleged frequency or seriousness

---

**6.** The Court in *Molina* specifically noted that its "listing of possible claims is not intended to be exhaustive." *Id.* at 76, n.6.

of such violation or violations." 18 U.S.C. § 4214(a)(1)(A)(ii). Mr. Hebel's arrest resulted from what appears to be a single incident of disorderly conduct, punishable by a fine.[7] There is no evidence of any other incidents, and the Court believes that none are likely to occur.

Third, this Court finds that "the parolee is not likely to fail to appear for further proceedings." 18 U.S.C. § 4214(A)(1)(A)(iii). Mr. Hebel is recently married. Although he has lost his newly purchased house to the mortgage company since his imprisonment, he has indicated that he would be able to move in with his mother in Milwaukee where his wife is presently living, (Tr. 13). Additionally, Mr. Hebel is presently employed as a car salesman in Milwaukee, and has been so employed for two years. His employer is Mr. Tom Wiel, a former U.S. Attorney who has given Mr. Hebel a strong recommendation and has promised to help him comply with the conditions of parole. These indications of stability and support make it highly unlikely that Mr. Hebel will fail to appear for further proceedings.

Finally, this Court finds that petitioner "does not constitute a danger to himself or others." 18 U.S.C. § 4214(a)(1)(A)(iv). The facts relevant to the preceding statutory sections are equally relevant to this finding.

In sum, although the Court is fully cognizant of the fact that district courts are to be extremely reluctant to order release on bail to parolees detained during revocation proceedings, *Molina*, 627 F.2d at 75–76, this case presents the sort of unique situation which makes such a release fully appropriate. The time requirements of 18 U.S.C. § 4214(a)(1)(B) have not been followed, and the peculiar facts of petitioner's case indicate that he is an ideal candidate for bail.

Bond has been set at $5,000. Petitioner is to appear at his final revocation hearing on August 16, 1982, at the Metropolitan Correctional Center.

IT IS SO ORDERED.

7. Although it appears that petitioner was also found guilty in Municipal Court of a vandalism charge, stemming presumably from the same

---

incident, his sentence on that charge was suspended, (Tr. 10).