**George PISANO, Petitioner,**

v.

**Duane SHILLINGER, Respondent.**

No. 90–294.

Supreme Court of Wyoming.

July 26, 1991.

Wyoming Public Defender Program, Leonard D. Munker, State Public Defender, Mike Cornia, Sr. Asst. Public Defender, for petitioner.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., for respondent.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

THOMAS, Justice.

The essential question in this case is whether an individual who has been released on parole from the Wyoming State Penitentiary is entitled to be admitted to bail after his apprehension and detention as a parole violator. The case comes before the Court as a matter of the original jurisdiction of the Court in *habeas corpus*. The Court holds that there is no right to bail for a parole violator, and that the Petition for Writ of *Habeas Corpus* should be denied.

The facts can be stated briefly. On October 17, 1983, George Pisano (Pisano), having been found guilty of the crime of voluntary manslaughter as proscribed by then § 6-4-107, W.S.1977, was sentenced to a term of not less than seven years nor more than fifteen years at the Wyoming State Penitentiary. By order of the Wyoming State Board of Parole entered on September 14, 1988, Pisano was placed on supervised parole. During 1989, and more particularly during 1990, a series of events occurred that are chronicled in a Petition for Preliminary Hearing to Determine Probable Cause/Reasonable Grounds for a Violation of Parole filed by a parole officer on November 29, 1990. These events included the presence of Pisano in a place where intoxicating beverages were sold, the consumption of alcoholic beverages, damaging an automobile, damaging furnishings in a home, leaving the state of Wyoming without permission, and failure to attend prescribed mental health counseling. On December 6, 1990, the Secretary of the Board of Parole filed a verified Recommendation for Revocation of Parole and, on that same day, a member of the Board of Parole executed and issued an Order of Arrest. Pisano was arrested on that warrant and has been in custody since that time. On December 10, 1990, a hearing examiner for the Wyoming Department of Probation and Parole found that the allegations of parole violation, except for one relating to Pisano entering a place where alcoholic beverages were sold and two relating to Pisano having left the State of Wyoming without permission, had been sustained and that there was probable cause to recommend that Pisano be returned before the Wyoming Board of Parole for the hearing.

On December 19, 1990, Pisano presented to this Court a Motion to Set Bail. On December 20, 1990, an Order to Show Cause Why the Amount an Appearance Bond Should Not be Set by Order of This Court was entered. On December 24, 1990, the State filed a Response to Order to Show Cause and in Opposition to Motion to Set Bail together with a Memorandum of Law in Support of State's Response to Order to Show Cause and in Opposition to Motion to Set Bail. On the same day, an Emergency Petition for Writ of Habeas

Corpus was filed on behalf of Pisano and, on December 26, 1990, a Motion to Dismiss Emergency Petition for Writ of Habeas Corpus and a Memorandum of Law in Support of Motion to Dismiss Emergency Petition for Writ of Habeas Corpus were filed on behalf of the Warden of the Wyoming State Penitentiary (Warden).

The only real issue now before this court is whether Pisano is unlawfully restrained of his liberty by the Warden because he has not been admitted to bail pending a hearing on the revocation of his parole.

■ We have recognized the general rule that there is no right to bail following conviction absent statutory authorization. *State v. Sorrentino*, 32 Wyo. 410, 233 P. 142, 34 A.L.R. 1477 (1925). The thrust of *Sorrentino* and *In re Boulter*, 5 Wyo. 263, 39 P. 875 (1895), together with the views articulated in *State v. Crocker*, 5 Wyo. 385, 40 P. 681 (1895), has been to limit the right to bail articulated in Article 1, Section 14, of the Constitution of the State of Wyoming to bail prior to conviction. This is consistent with the majority rule found in the cases cited in Annotation: *Right of Defendant in State Court to Bail Pending Appeal from Conviction—Modern Cases*, 28 A.L.R. 4th 227, 237–239 (1984). In *State v. District Court of Second Judicial District*, 715 P.2d 191 (Wyo.1986), this court did hold that the right to bail is a substantive right subject to the will of the legislature. Consequently, procedural rules adopted by the court would not prevail over statutes that authorized bail following conviction.

■ The question of right to bail for a parole violation is a novel question in this court. We are satisfied that *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), in which the Supreme Court of the United States articulated the due process rights of a parolee, is not authority for a constitutional right to bail. In fact, in that case, the court said that a parolee may be detained pending a final revocation hearing. *Morrissey*. We also are satisfied that Rule 8, W.R.Cr.P., and the statutes (§§ 7–10–101 and 7–10–104, W.S.1977 (June 1987 Repl.)), cited and re-

lied upon by Pisano do not articulate a right to bail pending a parole revocation.

The majority rule with respect to bail pending revocation of parole, in the absence of statute providing for that opportunity, is that there is no authority for a court to order release when bail is sought by a parolee. *See, e.g., Aguilera v. California Department of Corrections*, 247 Cal.App.2d 150, 55 Cal.Rptr. 292 (1966); *People ex rel. Tucker v. Kotsos*, 68 Ill.2d 88, 11 Ill.Dec. 295, 368 N.E.2d 903 (1977); *People ex rel. Calloway v. Skinner*, 33 N.Y.2d 23, 347 N.Y.S.2d 178, 300 N.E.2d 716 (1973); *Hardy v. Warden of Queens House of Detention for Men*, 56 Misc.2d 332, 288 N.Y.S.2d 541 (N.Y.Sup.1968); *January v. Porter*, 75 Wash.2d 768, 453 P.2d 876 (1969); *Ogden v. Klundt*, 15 Wash. App. 475, 550 P.2d 36 (1976); *Gaertner v. State*, 35 Wis.2d 159, 150 N.W.2d 370 (1967). *See also*, N. Cohen & J. Gobert, *The Law of Probation and Parole* § 9.03, at 417–20 (1983). The pertinent cases are in accord that there is no constitutional right to bail under the Eight Amendment to the Constitution of the United States of America. *Galante v. Warden, Metropolitan Correctional Center and United States Parole Commission*, 573 F.2d 707 (2nd Cir.1977); *Pihakis v. Thomas*, 470 F.Supp. 721 (S.D.N.Y.1979); *Lee v. Pennsylvania Board of Probation & Parole*, 467 F.Supp. 1043 (E.D.Pa.1979); *Burgess v. Roth*, 387 F.Supp. 1155 (E.D.Pa.1979); *In re Law*, 10 Cal.3d 21; 109 Cal.Rptr. 573, 513 P.2d 621 (1973); *People ex rel. Calloway v. Skinner*, 33 N.Y.2d 23, 347 N.Y. S.2d 178, 300 N.E.2d 716 (1973); *Kunkelman v. Commonwealth of Pennsylvania, Board of Probation and Parole*, 40 Pa. Cmwlth. 149, 396 A.2d 898 (1979). *See, Argro v. United States*, 505 F.2d 1374 (2nd Cir.1974); *Roberson v. Connecticut*, 501 F.2d 305 (2nd Cir.1974); *Hamilton v. New Mexico*, 479 F.2d 343 (10th Cir.1973); *Bloss v. Michigan*, 421 F.2d 903 (6th Cir.1970); *In re Whitney*, 421 F.2d 337 (1st Cir.1970); *United States ex rel. Fink v. Heyd*, 287 F.Supp. 716 (E.D.La.1968), *aff'd*, 408 F.2d 7 (5th Cir.1969), *cert. denied*, 396 U.S. 895, 90 S.Ct. 192, 24 L.Ed.2d 172 (1969); *Gen-*

*ung v. Nuckolls,* 292 So.2d 587 (Fla.1974); *Frank v. Pitre,* 353 So.2d 1293 (La.1977). The same construction has attached to the provisions of state constitutions. *Law; Listro v. Robinson,* 170 Conn. 116, 365 A.2d 109 (1976).

■ At best, as the foregoing cases establish, the authority to grant bail is discretionary. *See also,* N. Cohen & J. Gobert, *The Law of Probation and Parole.* We hold that Pisano has no right to be admitted to bail and that the record of violations in this instance persuades this court that he should not be admitted to bail. Pisano's parole violations seem to manifest an accelerating diminution of his capacity to control his behavior and to avoid violations of his parole. We conclude that we need not decide in this case what the appropriate rule would be if another court should set bail for a parole violator. We hold only that Pisano has no right to be admitted to bail and, consequently, he is not unlawfully detained by the Warden.

Therefore, his Motion to Set Bail and his Emergency Petition for Writ of Habeas Corpus appropriately are denied. An order shall be entered forthwith denying the Motion to Set Bail and the Emergency Petition for Writ of Habeas Corpus.

URBIGKIT, C.J., files a dissenting opinion.

URBIGKIT, Chief Justice, dissenting.

I dissent from this decision presented alternatively by a Motion to Set Bail and by an Emergency Petition for a Writ of Habeas Corpus for which this majority denies access to bail following reincarceration during the administrative process directed to revoke parole. The majority phrases inquiry about entitlement as whether "to be admitted to bail after his apprehension and detention as a parole violator." The power of words! The actual issue is right to bail until status of violation of parole *has actually been determined.* The majority again rephrases since in this case, it actually now determines there is no right for a *suspected* parole violator to have bail during the administrative revocation process. What happens if a judicial appeal is taken from that administrative revocation is not now addressed.

This decision is symptomatic, as crime increases arithmetically in this nation, of those who find a solution solely through throwing people in jail. First jail, then consideration of a hearing and possible justice or even, heaven forbid, reformation and prevention. Wyo. Const. art. 1, § 15.[1]

The difference between the majority and this writer is my indeterminacy about there having been an actual parole violation until the administrative or judicial proceeding has been completed to make that determination. I do not preliminarily assume guilt or parole violation. I do not accept charges as facts until a hearing is held; otherwise, why bother. With the other alternative, government leaves rights to reincarcerate in the unsupervised hands of one person before completion of the administrative agency hearing overtly necessary to provide constitutional rights and protection. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

## I.

## THE NON–ISSUE OF RIGHT TO BAIL DURING APPEAL

After bypassing non-determined but assumed guilt, we are not faced with a consti-

---

**1.** This decision does not address an abstract or isolated subject. Dependent on ethnic factors and geographical differences, it is foreseeable that the present criminal justice system supervision in this country of about five million people, if the rate of increase since 1880 continues, may reach ten percent of the adult population within present lifetimes. See, for example, the discussion in J. Irwin & J. Austin, *It's About Time: Solving America's Prison Crowding Crisis* (NCCD 1987). The interesting thing is that the statistics in the article are outdated, e.g., then 850,000 confined—today, just four years later, almost one million. "Supervision" cases increased from about 3.2 million to somewhere close to five million in number.

We wonder why voter participation declines. One significant cause is citizenship right forfeiture by felony conviction. *See Billis v. State,* 800 P.2d 401 (Wyo.1990).

tutional issue hypothesized by the majority for application of bail upon appeal. This is true because without conjecture, the basic right of bond following conviction within judicial discretion exists today in Wyoming and has consistently existed since 1909. That subject provides no proper precedent for our present decision.

What would occur if "someone" assumed to eliminate the existent right of post-conviction bail is at best conjectural. Certainly, if the elimination of right to bail on appeal is directed to chill the constitutional right to appeal in this state, then at least one valid appeal intrinsic to constitutionality of the change would surely be in question. The basic teaching on that subject is the simple and direct phraseology of the provision of Wyo. Const. art. 1, § 14, which states:

> All persons shall be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great. Excessive bail shall not be required, nor excessive fines imposed, nor shall cruel or unusual punishment be inflicted.

Since an appeal is an intrinsic function of guilt determination, it takes activated interpretation by the judiciary in constitutional application by using terminology that does not exist or unstated exception which is not provided to deny right to bail for appeals at this time *in this state in 1991.*

That parallel subject of Wyoming law regarding post-conviction right to bail has a rather direct and consistent history. In the early case of *In re Boulter,* 5 Wyo. 263, 39 P. 875 (1895), this court determined that an express statute forbid admission to bail after sentence. Consequently, bail was not judicially granted. The court determined that under common law, it was a matter of discretion which had been "taken away" after sentence by statutory provision. *Id.* at 272, 39 P. 875. *State v. Sorrentino,* 32 Wyo. 410, 233 P. 142 (1925) was determined after the law had been changed by involving a second appeal following remand for correction of the judgment and provided no authority on the general issue presented of the right to bail on initial appeal.[2]

The legislature obviously became disenchanted with the *In re Boulter* result and, in its 1909 session, provided that upon appeal "it shall be the duty of the court to fix reasonable bail to be given by the defendant" following conviction of a bailable felony, except murder in the second degree. Wyo.Sess.Laws ch. 136, § 1 (1909), approved Feb. 27, 1909. This structure of Wyoming law that bail was mandatory following conviction, except for non-bailable offenses and second degree murder, was visited in *State v. Helton,* 72 Wyo. 105, 261 P.2d 46 (1953), in the context of determining whether the supreme court might grant bail without first having consideration giv-

---

**2.** The numerous cases cited regarding right to the discretionary consideration of bail pending appeal have no relevance to the issue presented since Wyoming has provided the right to request bail to be determined at the discretion of the trial court by consistent application of statutes and court rules since 1909. It is noteworthy that these cases which provide no real direction for our decision divide among categories and classifications, including right to bail, right to be considered for bail, right to be considered for bail dependent on the particular offense involved and certain categories of offenses where after conviction, there is no right to bail pending appeal. Intermixed are further issues of the process to be used, i.e., habeas corpus or otherwise, and the broad question of decision about the individual posing "a significant risk of flight." Annotation, *Right of Defendant in State Court to Bail Pending Appeal from Conviction—Modern Cases,* 28 A.L.R. 4th 227, 284 (1984). *See United States v. Hart,* 779 F.2d 575 (10th Cir.1985); *Roberson v. State of Con-*

*necticut,* 501 F.2d 305 (2d Cir.1974); *Hamilton v. State of New Mexico,* 479 F.2d 343 (10th Cir.1973); *United States ex rel. Fink v. Heyd,* 287 F.Supp. 716 (E.D.La.1968), *aff'd,* 408 F.2d 7 (5th Cir.), *cert. denied* 396 U.S. 895, 90 S.Ct. 192, 24 L.Ed.2d 172 (1969); *Shabazz v. State,* 440 So.2d 1200 (Ala.Cr.App.1983); *Stiegele v. State,* 685 P.2d 1255 (Alaska App.1984); *Dobrova v. State,* 674 P.2d 834 (Alaska App.1984), *aff'd* 694 P.2d 157 (Alaska 1985); *State v. Wassillie,* 606 P.2d 1279 (Alaska 1980); *In re Pipinos,* 33 Cal.3d 189, 187 Cal.Rptr. 730, 654 P.2d 1257 (1982); *State v. Handa,* 66 Haw. 82, 657 P.2d 464 (1983); *Huihui v. Shimoda,* 64 Haw. 527, 644 P.2d 968 (1982); *Fredette v. State,* 428 A.2d 395 (Me.1981); *People v. Tate,* 134 Mich.App. 682, 352 N.W.2d 297 (1984); *People v. Fikaris,* 101 Misc.2d 460, 421 N.Y.S.2d 179 (1979); *Spitznas v. State,* 648 P.2d 1271 (Okl.Cr.1982); *City of Warwick v. Robalewski,* 120 R.I. 119, 385 A.2d 669 (1978); and *Ex parte McBride,* 108 Tex.Crim. 618, 2 S.W.2d 267 (1928).

en by the trial judge. In *Helton*, the offense was a second degree murder so discretion was involved, and this court, in directing attention of the principles for the trial court, related:

> [I]n exercising the discretion herein mentioned, * * * the court should take into consideration as to whether or not the convicted defendant will properly conduct himself in the meantime if bail is granted. We might incidentally mention the fact that we have found decisions from two courts in which it was held that unless there is good reason for refusing bail, it should be granted to the prisoner while an appeal is prosecuted in good faith.

*Id.* 261 P.2d at 48 (citing *State v. Waterman*, 36 Idaho 259, 210 P. 208 (1922) and *City of Sioux Falls v. Marshall*, 48 S.D. 378, 204 N.W. 999 (1925)). This court further recognized:

> It is clear that while under this provision, it is mandatory upon the trial judge to grant bail in the ordinary felony case [upon appeal], he is not required as a matter of law to grant such bail in the case of conviction of second degree murder.

*Helton*, 261 P.2d at 47. In any case, the *amount* of the bond was vested in the trial court's discretion. *State ex rel. Powell v. Ilsley*, 387 P.2d 676 (Wyo.1963). Interestingly enough, the specific provisions of the 1909 law continued in effect in the same phraseology and considered by this court in *State v. District Court of Second Judicial Dist.*, 715 P.2d 191 (Wyo.1986), which determined that a post-conviction right to bail was substantive and consequently not repealed by the adoption of rules by the supreme court. This last case also recognized priority of the use of habeas corpus for a test of the right to bail.

## II.

### CURRENT WYOMING STATUTORY AND RULE PROVISIONS FOR BAIL

An interesting metamorphosis occurred in regard to the 1909 statute with the reco-

dification of the Criminal Procedure Code, Title 7, in its 1985, chapter 147, and 1987, chapter 157, enactments. Although the phraseology was changed, the statute now provides no overt differentiation between pre-conviction and post-conviction application of bail in providing:

> a) * * * arrested for an offense not punishable by death *may be admitted to bail.*

> b) * * * arrested for an offense punishable by death *may be admitted to bail at the discretion of the authorized judicial officer * * *,* except the defendant shall not be admitted to bail if the proof is evident or the presumption great * * *.

> c) During the pendency of an appeal in a bailable case, [the authorized judicial officer] may admit the defendant to bail in any sum he deems proper.

W.S. 7–10–101 (emphasis added).[3] The significant additional facet of Wyo.Sess.Laws ch. 147 (1985) was W.S. 7–10–102, entitled "Matters governed by rules," wherein it was stated:

> The rules promulgated by the Wyoming supreme court shall govern in all matters relating to the terms, amount and conditions of bail, justification of sureties and procedures for forfeiture, enforcement and exoneration upon breach or default of the conditions of bail.

In essence, the legislature recognized and adopted into statute the procedure and application provided for bail by W.R.Cr.P. 8 which had been last amended in 1978. However, the statute was not confined to recognition by implied terms of W.R.Cr.P. 8, but also included W.R.Cr.P. 33(f) providing that the defendant may be admitted to bail pending a proceeding for the revocation of probation. All of this history and linguistic development demonstrates that the right to be considered for bail exists

---

**3.** If this language is to be interpreted to only permissibly grant a right to bail in each case, it is overtly unconstitutional when compared with

Wyo. Const. art. 1, § 14 where the right to bail is clearly absolute "except for capital offenses."

following conviction with the exception of capital offenses or murder in the second degree. A right to bail when revocation of probation is involved also exists and we are left to consider, although the trial court has discretion to grant bail pending appeal for second degree murder, it has no jurisdiction to consider bail in a pending administrative revocation where the offense is the *possibility* that the defendant went into a bar during his period of parole.

In addition to the specific bail right resources of Wyo. Const. art. 1, § 14, the Wyoming Constitution contains art. 1, § 2, equality to all; art. 1, § 6, due process; and art. 1, § 34, uniform operation of the general law. Furthermore, in this case, Wyo. Const. art. 1, § 17 has significance:

The privilege of the writ of habeas corpus shall not be suspended unless, when in case of rebellion or invasion the public safety may require it.

The Wyoming Constitution provides:

In their inherent right to life, liberty and the pursuit of happiness, all members of the human race are equal.

Wyo. Const. art. 1, § 2.

No person shall be deprived of life, liberty or property without due process of law.

Wyo. Const. art. 1, § 6.

All laws of a general nature shall have a uniform operation.

Wyo. Const. art. 1, § 34.

Applicable statutes include W.S. 7–13–403, 7–13–404, 7–13–407(a)(iv), and 7–13–408. W.S. 7–13–403 states:

(a) A parolee is in the legal custody and under the control of the board and may be returned to the institution from which he was paroled *for violation of a condition* of his parole.

(b) Unless otherwise ordered by the board, a parole violator shall be returned to the institution from which he was released to serve the remainder of his original sentence.

(Emphasis added.) W.S. 7–13–404 states:

In computing the remainder of the sentence to be served by a parole violator, no credit shall be given against his original sentence for any portion of the time between his release on parole and his return to the institution unless the board directs otherwise.

W.S. 7–13–407(a)(iv) states:

Under direction and supervision of the director, probation and parole agents shall:

\*    \*    \*    \*    \*    \*

(iv) Supervise the conduct of each person on probation, parole or conditional release through personal visits, reports and other appropriate means, and report in writing as often as required by the court, board or institution[.]

W.S. 7–13–408 states:

(a) The state probation and parole officer shall notify the board or the appropriate court or institution if it is determined consideration should be given to retaking or reincarcerating a person under the supervision of the department who has violated a condition of his probation, parole or other conditional release. Prior to notification, a hearing shall be held in accordance with this section within a reasonable time, unless a hearing is waived by the probationer, parolee or conditional releasee. As soon as practicable, following termination of any hearing, the appropriate officer or agent shall report to the court, board or institution, furnish a copy of the hearing record and make recommendations regarding the disposition to be made of the probationer, parolee or conditional releasee. Pending any proceeding pursuant to this section, the appropriate agent may take custody of and detain the probationer, parolee or conditional releasee involved for a reasonable period of time prior to the hearing. If it appears to the hearing officer or agent that retaking or reincarceration is likely to follow, the agent may take custody of and detain the probationer, parolee or conditional releasee for a reasonable period after the hearing or waiver as may be necessary to arrange for the retaking or reincarceration.

(b) Any hearing pursuant to this section may be before the state probation

and parole officer, his designated hearing officer or any other person authorized pursuant to the laws of this state to hear cases of alleged probation, parole or conditional release violations, except that no hearing officer shall be the person making the allegation of violation.

(c) With respect to any hearing pursuant to this section, the probationer, parolee or conditional releasee:

(i) Shall have reasonable notice in writing of the nature and content of the allegations to be made including notice that the purpose of the hearing is to determine whether there is probable cause to believe that he has committed a violation that may lead to a revocation of probation, parole or conditional release;

(ii) Shall be permitted to consult with any persons whose assistance he reasonably desires, prior to the hearing;

(iii) Shall have the right to confront and examine any person who has made allegations against him, unless the hearing officer determines that the confrontation would present a substantial present or subsequent danger of harm to the person;

(iv) May admit, deny or explain the violation alleged and may present proof, including affidavits and other evidence, in support of his contentions.

(d) A record of the proceedings under this section shall be made and preserved either by stenographic means or through the use of a recording machine.

W.R.Cr.P. 8 provides in pertinent part:

(a) *Right to bail.*

(1) Before Conviction.—A person arrested for an offense not punishable by death shall be admitted to bail. A person arrested for an offense punishable by death may be admitted to bail by any court or judge authorized by law to do so in the exercise of discretion, giving due weight to the evidence and to the nature and circumstances of the offense, except that where the proof is evident or the presumption great a defendant shall not be admitted to bail.

(2) Upon Review.—During the pendency of appeal, a judge or justice of a court having jurisdiction may admit a defendant to bail in such sum as shall be deemed proper in all bailable cases. The judge or justice allowing bail may at any time revoke or amend the order admitting the defendant to bail.

\*     \*     \*     \*     \*     \*

(c) *Terms.*

(1) Any person charged with an offense other than an offense punishable by death, shall, at his appearance before a judicial officer, be ordered released pending trial on his personal recognizance or upon the execution of an unsecured appearance bond in an amount specified by the judicial officer, unless the judicial officer determines in the exercise of his discretion that such a release will not reasonably insure the appearance of the person as required. When such a determination is made the judicial officer shall, either in lieu of or in addition to the above methods of relief, impose the first of the following conditions of release which will reasonably assure the appearance of the person for trial or, if no single condition gives that assurance, any combination of the following conditions:

\*     \*     \*     \*     \*     \*

(2) In determining which conditions of release will reasonably assure appearance, the judicial officer shall, on the basis of available information, take into account the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions and his record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.

\*     \*     \*     \*     \*     \*

(h) *Habeas corpus.*—Any accused person aggrieved by the application of this

rule may apply for a writ of habeas corpus.

W.R.Cr.P. 33(f) states:

*Revocation of probation.*—The court shall not revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which such action is proposed. The defendant may be admitted to bail pending such hearing.

W.S. 7–10–101 has been previously quoted and is followed by W.S. 7–10–102, which states:

The rules promulgated by the Wyoming supreme court shall govern in all matters relating to the terms, amount and conditions of bail, justification of sureties and procedures for forfeiture, enforcement and exoneration upon breach or default of the conditions of bail.

W.S. 7–10–104 states:

(a) A person charged with the commission of any bailable offense may be admitted to bail by:

(i) A justice of the supreme court;

(ii) A district judge or district court commissioner of the district in which the person is charged;

(iii) A county judge, county court commissioner or adjunct county court commissioner of the county in which the person is charged; or

(iv) A justice of the peace of the county in which the person is charged.

Two first impression issues in application of the Wyoming statutes are defined within the question of whether the terminology, "a reasonable period of time," means until a reincarceration hearing is completed and whether a petition to revoke probation or parole is included in the categorization of a criminal offense.

Parallel to the administrative revocation process which relates equally to probation and parole, there is a judicially created process through county attorney petition and court decision. *See Cooney v. Park County,* 792 P.2d 1287 (Wyo.1990), *cert. granted and judgment vacated* —— U.S. ——, 111 S.Ct. 2820, 115 L.Ed.2d 965

(1991); *Weisser v. State,* 600 P.2d 1320 (Wyo.1979); and *Knobel v. State,* 576 P.2d 941 (Wyo.1978).

## III.

### THE REAL ISSUE OF RIGHT TO BE CONSIDERED FOR BAIL DURING PAROLE OR PROBATION REVOCATION

The decisional process of the determination of majority or minority rule within the law is always interesting but well illustrated on this issue of states or jurisdictions which deny right to bail during revocation of parole or probation processes.

### A. The non-bail states.

Jurisdictions cited among the fifty states, the District of Columbia and the United States, where undoubtedly some sort of probation or parole exists which deny bail during the revocation process, could possibly total three and a fourth in serious question. Washington is the principal jurisdiction cited. *Ogden v. Klundt,* 15 Wash. App. 475, 550 P.2d 36 (1976); *January v. Porter,* 75 Wash.2d 768, 453 P.2d 876 (1969). *Ogden,* 550 P.2d at 39 determined that "[a]bsent express statutory authorization, the courts of Washington are without power to release on bail or bond a parolee arrested and held in custody for violating his parole." *See People ex rel. Calloway v. Skinner,* 33 N.Y.2d 23, 347 N.Y.S.2d 178, 300 N.E.2d 716 (1973), based on administrative agency responsibility for parolee conduct and *Gaertner v. State,* 35 Wis.2d 159, 150 N.W.2d 370 (1967), where the pending burglary charge and the concurrent parole violation proceeding joined bail could be denied. Without specific entitling legislation, parolees are not entitled to bail or release pending a hearing. *Hardy v. Warden of Queens House of Detention for Men,* 56 Misc.2d 332, 288 N.Y.S.2d 541 (N.Y.Sup.1968). The fourth state cited by the majority and the State to justify the same principle is reflected by *Kunkelman v. Com., Pennsylvania Bd. of Probation and Parole,* 40 Pa.Cmwlth. 149, 396 A.2d 898 (1979). In *Kunkelman,* the petitioner

challenged a detainer by habeas corpus. The issue was not revocation but rather detainer from which bail was denied.

In the interest of accuracy and completeness, although the cases were not cited by the majority, there are two other states which apparently have a different approach between parole and probation revocation. In California, where it is determined that a parolee technically remains in custody and is serving his sentence although not in physical custody, jurisdiction during the revocation process remains in the authority and the individual waiting cancellation is not eligible for parole. *Aguilera v. California Dept. of Corrections*, 247 Cal. App.2d 150, 55 Cal.Rptr. 292 (1966). See similarly, although not directly in point since involving a "parole hold" question, *In re Law*, 10 Cal.3d 21, 109 Cal.Rptr. 573, 513 P.2d 621 (1973). Illinois seems to follow the same thesis. *People ex rel. Tucker v. Kotsos*, 68 Ill.2d 88, 11 Ill.Dec. 295, 368 N.E.2d 903 (1977). The Illinois court addressed an equal protection contention by virtue of the different treatment between probation and parole. That court found the rights to be protected by constitutional test of mandamus to compel action on revocation. What was in effect a "parole hold" status was in question for one of the individuals who was included in the appeal.

Alice would indeed be at home in the "Wonderland" we make for the issues here presented of the parolee who asks consideration for bail pending completion of the administrative revocation proceeding. Obviously by this time, those issues for the case are moot one way or another since he is either in the state penitentiary under a revoked status or continues on parole with revocation rejected, but we retain an issue of significance about which in this odd discussion, significant rights and important procedural questions are considered.[4]

The issue should be confined to the subject presented without flourishes added which have nothing to do with the relief requested here. Adjudicatively, this case presents the right of the parolee to be judicially considered for bail during administrative revocation proceedings, which right is specifically provided by court rules if the process is judicial revocation.

To make some sense out of this "Alice in Wonderland", it is best to exclude subjects that are not presented. To be disconnected as previously discussed in detail is bail after conviction since it has existed in Wyoming since 1909. The difference between the right to bail pre-conviction with limitations and the right to be considered for bail post-conviction as a matter of discretion after conviction are neither presented subjects here nor issues reasonably in dispute. If someone finds a way to create the issue, time enough in the future can be appropriately assigned for judicial review when it has a real issue. Comment, *Constitutional Law—Right to Bail*, 51 Mich.L.Rev. 389, 397 (1953). Identically, this proceeding does not present the *absolute right* to bail by the parolee; it addresses the *right to be considered* for bail pending revocation hearing which the majority now by broad language apparently denies. The discretion umbrella generally prevalent is converted by the majority's decision into an alternative decision jurisdiction of the judiciary to act. Furthermore, this proceeding questions only administrative revocation proceedings since, by both rule and case law, this court has recognized right and responsibility to consider bail pending judicial revocation.

Finally, this proceeding, although not probation revocation, provides no authentication for a different result whether the action is administrative or judicial in initiation since the state administrative agency revocation statute, W.S. 7–13–408, does not differentiate parole or probation, nor does W.R.Cr.P. 8 design a difference to be applied as a post-conviction function of the

---

4. Substantively, this case involves an important reoccurring issue of law which may be capable of evading review. *Natrona County School Dist. No. 1 v. Ryan*, 764 P.2d 1019, 1032 (Wyo.1988); *Honig v. Doe*, 484 U.S. 305, 108 S.Ct. 592, 595, 98 L.Ed.2d 686 (1988); *Southern Pac. Terminal Co. v. Interstate Commerce Commission*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911); *State v. Wassillie*, 606 P.2d 1279 (Alaska 1980); *Liistro v. Robinson*, 170 Conn. 116, 365 A.2d 109 (1976).

court's responsibility. Clearly, this court in *Weisser,* 600 P.2d 1320 and *Knobel,* 576 P.2d 941, declined to delineate a procedural difference between probation and parole revocation when recognizing the identity of application used by the United States Supreme Court in *Gagnon,* 411 U.S. 778, 93 S.Ct. 1756 and *Morrissey,* 408 U.S. 471, 92 S.Ct. 2593. We said in *Weisser,* 600 P.2d at 1321 n. 1:

> In *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the Court found no important differences between parole and probation revocation proceedings and extended the *Morrissey* due-process requirements to probation-revocation proceedings.

The administrative agency statute, W.S. 7–13–408, applies indiscriminately and without differentiation to "probation, parole or other conditional release."

Having excluded what this case is not, we reach the question of what this decision is actually about—whether in administrative revocation of either parole or probation, do rights to obtain consideration for bail by judicial action exist?

I decline to limit the judicial authority to grant bail so that this character of justice is only confined to judicial revocation processes. Furthermore, I find no compelling precedent addressing this specific issue which requires a conflicting conclusion among the many citations provided in the majority or any others which might be added. I find authority in the Wyoming Constitution, our state statutes and this court's rules buttressed by equal protection and due process requirements which provide the right equally with judicial termination procedure or generally the category of post-conviction appeal authorization. Until we attempt to throw the key away completely for everyone within this broad status, I find no adjudicative justification for limitation of rights to be considered for bail when administrative action to reincarcerate is commenced.

Before embarking on an extensive case analysis, it should be noted that the majority does two things—first determines that no right to bail existed for petitioner and then concludes that "[a]t best, * * * the authority to grant bail is discretionary." I say *at worst* the authority is discretionary and this court purports to act as a fact finder without a properly developed record and without opportunity for the petitioner to factually respond where we now exercise a discretionary decision for denial. Obviously at this late date, argument about the propriety of exercised discretion is like swatting moths in this area's delayed wet spring. It does not now reach realism. All anyone ever wanted in this case was bail for the few weeks by the petitioner until the final revocation hearing could be held, now some months passed. We seem to sample here again the leverage of law enforcement—instant incarceration. There is no factual record of any kind here presented which can sustain the discretionary denial decision.

Consequently, we consider the question: Should a parolee have the right to be considered for bail under Wyoming law when administrative revocation is the process pursued? Since we know that the parole board recision decision is in itself subject to review, we hereby determine whether bail is sometimes, always, or never available for consideration.[5]

The fundamental equal protection due process law was established for the parolee-probationer by the cases of *Gagnon,* 411 U.S. 778, 93 S.Ct. 1756 and *Morrissey,* 408 U.S. 471, 92 S.Ct. 2593. The conditional freedom of a parolee (probationer) generated by statute is a liberty interest protected by the Due Process Clause of the Fourteenth Amendment which may not be terminated as due process safeguards. The revocation hearing mandated by *Morrissey* is bottomed on the parallel interest of society and the parolee in establishing whether a parole violation has occurred and, if so, whether under all of the circumstances the

---

**5.** Clearly, the public defender has not provided any significant record nor extended legal research. Addressing jurisdiction and approach obviously in accord with case law participation of the courts could occur by appeal from the administrative agency denial or by habeas corpus which is specifically included as a remedy in W.R.Cr.P. 8(h).

quality of that violation calls for parole revocation. *See Moody v. Daggett,* 429 U.S. 78, 85, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). These cases establish the existence of basic rights which are constitutionally protected by the United States Constitution.

It is with the character of those established basic rights as supplemented by due process and equal protection considerations that I apply Wyo. Const. art. 1, §§ 6, 8 and 14, as well as art. 2,[6] separation of power provision, to discern from the somewhat disconnected status of statutes and court rules that the right to consideration of bail not only exists but has to exist under our own due process and equal protection requirements. *See* Annotation, *Validity, Under Equal Protection Clause of Fourteenth Amendment, of State Statutes Relating to Parole or Pardon of Convicted Criminal,* 35 L.Ed.2d 775 (1974) and Annotation, *Right of Defendant in State Court to Bail Pending Appeal from Conviction—Modern Cases,* 28 A.L.R. 4th 227 (1984).

The countervailing authority to the Washington–New York–Wisconsin rule was formulated with extensive discussion in *Martin v. State,* 517 P.2d 1389 (Alaska 1974), where the discretional interest in making bail available during the revocation process was affirmatively considered.

> While we hold that appellant * * * was neither entitled to bail under the Alaska Constitution nor the Alaska Bail Act, we suggest bail should be withheld pending revocation proceedings only in unusual cases. Trial judges have wide latitude in imposing suitable conditions for prehearing release, other than the denial of bail. The denial of bail may constitute a needless disruption of the probation process negating the program's objectives of rehabilitation and eventual integration into society. Furthermore, the recent expansion in the area of probationer's rights by the United States Supreme Court in *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) suggests the granting of bail. In *Gagnon,* the Court, *inter alia,* required as a matter of due process that a probationer be afforded a prompt preliminary hearing to determine whether probable cause exists to believe a violation of probation has occurred. Following this preliminary hearing, a final hearing must be allowed prior to an ultimate determination concerning the revocation of probation.

*Id.* at 1398. *See likewise Dobrova v. State,* 674 P.2d 834 (Alaska App.1984), *aff'd* 694 P.2d 157 (Alaska 1985).

A similar right to discretional consideration was found in *Huihui v. Shimoda,* 64 Haw. 527, 644 P.2d 968 (1982), where the accused was on bail and recharged with another serious offense. A state constitutional violation was found in statutory elimination of judicial discretion. The discretionary right of the judiciary to grant bail pending completion of the revocation proceeding is also recognized in a series of federal cases: *Carmine Galante–Appellant v. Warden, Metropolitan Correctional Center and the United States Parole Commission–Appellees,* 573 F.2d 707 (2d Cir.1977); *Argro v. United States,* 505 F.2d 1374, 1377–78 (2d Cir.1974); and *Pihakis v. Thomas,* 470 F.Supp. 721 (S.D.N.Y.1979). In general, bail was considered through exercise of the power of habeas corpus. *Johnston v. Marsh,* 227 F.2d 528 (3rd Cir. 1955); *Siegel v. United States Parole Com'n,* 613 F.Supp. 127 (S.D.Fla.1985); *United States ex rel. Hebel v. Luther,* 544 F.Supp. 179 (N.D.Ill.1982). *See likewise*

---

6. Wyo. Const. art. 1, §§ 6 and 14 were previously quoted at pages five and two, respectively, of this dissent. Wyo. Const. art. 1, § 8 provides:

All courts shall be open and every person for an injury done to person, reputation or property shall have justice administered without sale, denial or delay. Suits may be brought against the state in such manner and in such courts as the legislature may by law direct.

Wyo. Const. art. 2, § 1 provides:

The powers of the government of this state are divided into three distinct departments: The legislative, executive and judicial, and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted.

*Argro,* 505 F.2d 1374; *Genung v. Nuc-kolls,* 292 So.2d 587 (Fla.1974); *Bernhardt v. State,* 288 So.2d 490 (Fla.1974); and *Frank v. Pitre,* 353 So.2d 1293 (La.1977). *Cf. Luther v. Molina,* 627 F.2d 71 (7th Cir.1980).

It is that subject that we address for this appeal as outlined in N. Cohen & J. Gobart, *The Law of Probation and Parole,* § 9.03 at 416–17 (1983) (footnotes omitted and emphasis in original):

> Of course, the lack of a *constitutional* right to bail does not preclude states from allowing bail in revocation proceedings. Most state laws do not address the question of bail pending parole or probation revocation. Of those jurisdictions having statutes on point, probationers are generally accorded the right to be considered for bail. Less frequently, parolees are given the opportunity to be released on bail.
>
> This difference in treatment has led to litigation in which parolees claim a violation of equal protection vis-à-vis probationers. The argument that parolees and probationers are functionally similar is somewhat supported by the Supreme Court's dictum in *Gagnon v. Scarpelli* [411 U.S. 778, 782, 93 S.Ct. 1756, 1759–60, 36 L.Ed.2d 656 (1973) ] to the effect that there is no "difference relevant to the guarantee of due process between the revocation of parole and the revocation of probation." * * *
>
> *    *    *    *    *    *
>
> * * * In *United States v. Schrieber,* [367 F.Supp. 791, 792 (E.D.N.Y.1973) ], a parole revocation case, the court, starting with the general proposition that *Morrissey* applies procedural due process to revocation proceedings, cryptically stated:
>
>> [D]ue process certainly commends if it does not require consideration of the question whether this defendant should not be admitted to bail if the individual circumstances of the defendant's case make postponement of recommitment until the Board of Parole acts the course which a careful weighing of he values involved dictates.

That text in addressing the subject relates:

> [A] few courts, including some federal ones, have granted bail to parolees and probationers, irrespective of the lack of constitutional or statutory language on point. The source of authority for this result is not totally agreed upon, although it appears to be based on the court's inherent general powers. One view is that judges have common law authority to admit to bail persons under their custody, at least until execution of the sentence. While this power may help some probationers, it is doubtful if it extends to parolees who are no longer under court jurisdiction. A related view is that, absent statutes on point, courts have inherent authority to grant bail to persons lawfully before them. Clearly, a probationer awaiting a revocation hearing would qualify as being before the court. Parolees, on the other hand, may have to use such remedies as habeas corpus to come within the ambit of the court's jurisdiction. Finally, some courts, subject to no controlling statutes, simply conclude that they have the power to grant bail pending revocation proceedings without identifying the source of their authority.

*Id.* at 418.

I undertake the evaluation of Wyoming law in recognition of the historical stature of habeas corpus to assess why the majority acted inadvisably here, first in rejecting jurisdiction and then alternatively considering if jurisdiction existed to deny bail by discretionary decision without an authenticating factual record.

The initiating remedy first found in habeas corpus is recognized by court rule in W.R.Cr.P. 8 and by legislative authentication of the constitutional writ by W.S. §§ 7–10–101, 7–10–102 and 7–3–216 in addition to 1–27–128.

The Wyoming bail statutory provision related to habeas corpus, traceable in almost identical form to the present, can be first found in 1876 Compiled Laws of Wyoming, ch. 61, § 37:

The plaintiff may, also, in any case be committed, let to bail, or his bail be mitigated or increased, as justice may require.

Now, 115 years later, is found as W.S. 1–27–128:

> The petitioner may be committed, let to bail or his bail be mitigated or increased as justice requires.

It is apparent as demonstrated from the generally unquestioned federal law previously cited that this court, as any habeas court, has authority to grant bail during the pendency of the habeas proceeding. Furthermore, as specifically addressed in the Wyoming bail rule, W.R.Cr.P. 8, the proper proceeding to address bail issues is habeas corpus. W.R.Cr.P. 8(h).

Wyoming effectively enforced speedy trial at one time which then properly demonstrated the validity of the great writ's utilization within this jurisdiction. *State v. Keefe,* 17 Wyo. 227, 98 P. 122 (1908). An extended contempt of court case resolved by this court through habeas corpus release provides some further valuable review. *Miskimins v. Shaver,* 8 Wyo. 392, 58 P. 411 (1899).

I obtain comfortable assurance through determined concepts that the judiciary has jurisdiction by habeas corpus to grant bail in any reconfinement revocation proceeding as a basic constitutional concept of this branch of government and the power of habeas corpus. We are then not presented with the parole-administrative agency proceeding difference from the probationary-judicial process where a right to bail clearly exists under both rule and statute. I find then in *Gagnon* and *Morrissey* a delineation of equal protection-due process which, under the Wyoming Constitution, would properly leave judicial authority to inquire when summary reincarceration of the parolee occurs in the same fashion that the probationer, who may be equally chargeable with fault or offense, is to be granted access to consideration for bail in a judicial proceeding.

I would look further also in application of twentieth-century considerations to phraseology that came into the law before parole existed or the Wyoming Constitution was adopted. I would find the offense (W.S. §§ 7–10–101 and 7–10–104) to equally extend to conduct justifying reincarceration of the parolee or the probationer following revocation as would be the case for a felony conviction. It is recognized that the word "offense" can be traced back to 1876 Compiled Laws of Wyoming, ch. 14, § 42, including the concept for which the prisoner is held to answer, "a recognizance shall be taken for his appearance to answer the charge before the court in which the same is cognizable[.]" Those words can be fit precisely within the parole revocation by administrative agency criteria "to determine whether there is probable cause to believe that he has committed a violation that may lead to a revocation * * *." W.S. 7–13–408(c)(i).

Noteworthy in statutory terminology is the arrest provisions which empower the parole agent a limitation of a reasonable time until a legal warrant is obtained or an administrative hearing is held under the statute. This process serves the same function as a preliminary hearing in the initial criminal trial context. Nowhere in the entire probation-parole statute, W.S. 7–13–401, is any suggestion provided that either W.R.Cr.P. 8 or the bail statutes, W.S. 7–10–101 and 7–10–104, both of which predate the last re-enactment of the probation-parole statute, exclude right to bail or serve to differentiate one process from the other.[7]

Starting with the constitution and following with statute, rule and case law, the

---

7. Unquestionably, there is a difference in definition between parole and probation under W.S. 7–13–401 and other provisions of law. W.S. 7–13–401(a)(vii) states:

> "Parole" means permission to leave the confines of the institution in which a person is confined under specified conditions, but does not operate as a discharge of the person[.]

W.S. 7–13–401(a)(x) states:

> "Probation" means a sentence not involving confinement which imposes conditions and retains authority in the sentencing court to modify the conditions of the sentence or to resentence the offender if he violates the conditions[.]

In a another way, the difference is recognized in comment also by this court in *Weisser,* 600 P.2d at 1324:

conjunctive application of the authority of the parole board to both the parolee and the probationer is at best confused. Out of all of this, I would conclude that an offense is an occurrence for which incarceration may result and, as a consequence, either in the direct jurisdiction case of probation or through habeas corpus intervention with parole, the court has jurisdiction to assure that bail is available until a basis for reincarceration is either properly established or rejected. In this case there was absolutely no evidence, indication, argument or suggestion afforded that this petitioner would not voluntarily make himself available for hearing or revocation proceedings. Consequently, denial of bail during this decisional period required for final determination relegates governmental conduct to the time centuries past when bail, at any time and in any form, was unlikely or nonexistent once the "authority" determined to impose confinement upon the presentation of the initial charge.

## IV.

## CONCLUSION

I respectfully dissent from the denial of the petition for habeas corpus which was filed to obtain bail during the administrative revocation proceeding. Hopefully, disregarding what occurred in *Cooney*, 792 P.2d 1287, a right to bail should mean that a right to bail would be provided.

The great English legal commentators tell us that inherent in the common law is a profound regard for a man's personal freedom. Nevertheless, imprisonment is imposed under the premise that some good for society will be produced. To suggest that there be an absolute exemption from imprisonment under all circumstances would be incongruent with every notion of law and political society, and in the end would be destructive of all civil liberties. Therefore, only those incarcerations which arise from absolute necessity are just. "Every act of authority of one man over another, for which there is not absolute necessity is tyrannical." These principles are not only the spirit of the common law, but the very foundation upon which American political philosophy rests.

\*     \*     \*     \*     \*     \*

The roots of bail extend deep into English law. Bail originated as a device to insure the payment of "wergeld." It later developed into a mechanism for freeing untried prisoners. Bail's function is not only to give liberty to a prisoner, but to secure the extent of the law. Thus, the recurring question for those charged with designing the bail system has been where to strike the balance between the individual and social character of man.

Duker, *The Right to Bail: A Historical Inquiry*, 42 Alb.L.Rev. 33, 33–119 (1977) (quoting M. Debaccaria, *An Essay on Crime and Punishment* 7 (1768) and footnotes omitted). I do not find that balance to have been properly struck here.

Consequently, I respectfully dissent.

---

It might be appropriate to observe that this statute (§ 7–13–409) is of questionable value where probation is the concern, in light of our holdings in *Knobel*, supra, this case, *State v. Reisch*, 491 P.2d 1254 (Wyo.1971), and *Smith v. State*, 598 P.2d 1389 (Wyo.1979). In the latter two opinions we said, in essence, that the district court never loses jurisdiction over its own probationers. In the *Reisch* case, we held that Rule 33(f) is consistent with the concept that courts which grant probation have inherent power to revoke it.

We do not, however, pass here upon a possible separation-of-powers issue which might be presented in a case where revocation of probation under § 7–13–409 is sought to be effected exclusively through the administrative processes.

However, the constitutional and statutory concepts are not altered if that conduct constituting an offense which endangers the individual with reincarceration is appropriately proven in some revocation proceeding:

> The state probation and parole officer shall notify the board or the appropriate court or institution if it is determined consideration should be given to retaking or reincarcerating a person under the supervision of the department who has violated a condition of his probation, parole or other conditional release.

W.S. 7–13–408(a).